UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN C. HENRY,

                              Plaintiff,

                                              CIVIL CASE NO. 04-40346

v.

QUICKEN LOANS, INC. a/k/a ROCK              HONORABLE PAUL V. GADOLA
FINANCIAL, et al.,                          U.S. DISTRICT COURT

                              Defendant.
_____/

### ORDER OVERRULING OBJECTIONS TO MAGISTRATE'S ORDERS

Before the Court are Defendants' objections to the magistrate judge's order denying Defendants' motion to compel Plaintiffs to sign authorizations and Defendants' motion to strike consents. Magistrate Judge Capel issued the order on March 24, 2005, after holding a hearing on March 7, 2005. Defendants filed their objections in a timely manner on April 7, 2005.

Rule 72(a) of the Federal Rules of Civil Procedure sets forth the standard by which this Court reviews a magistrate judge's order on a non-dispositive matter:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a) (emphasis added). "According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  United States v. Mandycz, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 398 (1948); Hagaman v. Comm'r of Internal Revenue, 958 F.2d 684, 690 (6th Cir. 1992)).

Defendants' first objections are to the magistrate judge's order denying the motion to compel Plaintiffs to sign authorizations which would allow Defendants to obtain certain résumés. Defendants argue that the magistrate judge erred in not granting Defendants' motion because Defendants are allegedly entitled to the résumés as they are admissions, admissible pursuant to Federal Rule of Evidence 801(d)(2)(A).  After reviewing the record of the case and the submissions of the parties, this Court finds that the magistrate judge's ruling denying the motion to compel is not clearly erroneous or contrary to law.

Second, Defendants' object to the magistrate judge's order denying the motion to strike the consent forms.  Defendants argue that the consent forms are invalid in their form and that they were procured by means of an ethical violation.  As he stated at the March 7, 2005 hearing, the magistrate judge denied the motion after reviewing all the relevant documents.  Upon considering the record of the case and the submissions of the parties, this Court is not "left with the definite and firm conviction that a mistake has been committed," and thus finds that the magistrate judge's ruling was not "clearly erroneous."  *See* Mandycz, 200 F.R.D. at 356.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections [docket

entries 119 and 120] to the magistrate judge's order [docket entry 115] are hereby **OVERRULED**.

**SO ORDERED.**

Dated:  January 26, 2006                    s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 27, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Kathleen L. Bogas; Kimberly J. Bull; Lawrence G. Campbell; Charlotte Croson; Robert P. Davis; Sheryl A. Laughren; Paul J. Lukas; Donald H. Nichols; James B. Perry; Rachhana T. Srey          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____
_____.

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845