**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

RYAN C. HENRY, individually and on behalf
of all other similarly situated employees,

                Plaintiffs,

v.

QUICKEN LOANS, INC., a Michigan corporation, and
DANIEL B. GILBERT, personally and individually,

                Defendants.

Civil Action No.: 04-CV-40346

Honorable Paul V. Gadola

Magistrate Judge Capel

---

| | |
|---|---|
| Kathleen L. Bogas (P25164) | Lawrence G. Campbell (P11553) |
| EISENBERG & BOGAS, P.C. | James B. Perry (P28027) |
| Attorneys for Plaintiff | Sheryl A. Laughren (P34697) |
| 33 Bloomfield Hills Parkway, Ste. 145 | DICKINSON WRIGHT PLLC |
| Bloomfield Hills, MI 48304-2945 | 500 Woodward Avenue, Ste. 4000 |
| (248) 258-6080 | Detroit, MI 48226-3425 |
| | |
| Donald H. Nichols, MN Bar No. 78978 | Robert P. Davis |
| Paul J. Lukas, MN Bar No. 22084X | MAYER BROWN ROWE & MAW |
| Michele R. Fisher, MN Bar No. 303069 | 1909 K Street, NW |
| Rachhana T. Srey, MN Bar No. 340133 | Washington, DC 20006-1101 |
| NICHOLS KASTER & ANDERSON, PLLP | (202) 263-3000 |
| 4600 IDS Center, 80 South Eighth Street | |
| Minneapolis, MN 55402 | |
| (612) 256-3200 | |

---

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS'
REQUESTS FOR PRODUCTION OF DOCUMENTS, SETS I AND II**

---

      Plaintiffs through their counsel, hereby move this Court to order Defendants to fully and completely produce discovery responses to Plaintiffs' Requests for Production of Documents, Sets I and II.

As set forth in the accompanying Brief, Plaintiffs specifically seek an order requiring Defendants: (1) to produce all payroll records for all Plaintiffs who joined this lawsuit prior to January 15, 2006; (2) to produce all emails of all Plaintiffs because Plaintiffs have never agreed to limit their request to just seven Plaintiffs; (3) to produce all emails of all of Defendants' management team relating to loan consultants' job duties, compensation, performance, or hours where Plaintiffs have agreed to pay the reasonable copying costs, and have never agreed to limit the scope of their request to the emails of Jay Farner and Mark Mazey only; and (4) to pay the attorneys' fees and costs Plaintiffs have incurred by having to bring this motion to compel.

WHEREFORE, Plaintiffs respectfully request that this Court order Defendants to comply with their discovery obligations.

Dated: 11.08.06

Respectfully submitted,

NICHOLS KASTER & ANDERSON, PLLP

s/Rachhana T. Srey_____
Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Rachhana T. Srey, MN Bar No. 340133
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402-2242
(612) 256-3200

EISENBERG & BOGAS, P.C.
Charlotte E. Croson, (P56589)
33 Bloomfield Hills Parkway, Suite 145
Bloomfield Hills, MI 48304-2945
(248) 258-6080

**ATTORNEYS FOR PLAINTIFFS**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

RYAN C. HENRY, individually and on behalf
of all other similarly situated employees,

                Plaintiffs,

v.

QUICKEN LOANS, INC., a/k/a ROCK
FINANCIAL, a Michigan corporation, and
DANIEL B. GILBERT, personally and individually,

                Defendants.

Civil Action No.: 04-CV-40346

Honorable Paul V. Gadola

Magistrate Judge Capel

---

| | |
|---|---|
| Kathleen L. Bogas (P25164) | Lawrence G. Campbell (P11553) |
| EISENBERG & BOGAS, P.C. | James B. Perry (P28027) |
| Attorneys for Plaintiff | Sheryl A. Laughren (P34697) |
| 33 Bloomfield Hills Parkway, Ste. 145 | DICKINSON WRIGHT PLLC |
| Bloomfield Hills, MI 48304-2945 | 500 Woodward Avenue, Ste. 4000 |
| (248) 258-6080 | Detroit, MI 48226-3425 |
| | |
| Donald H. Nichols, MN Bar No. 78978 | Robert P. Davis |
| Paul J. Lukas, MN Bar No. 22084X | MAYER BROWN ROWE & MAW |
| Michele R. Fisher, MN Bar No. 303069 | 1909 K Street, NW |
| Rachhana T. Srey, MN Bar No. 340133 | Washington, DC 20006-1101 |
| NICHOLS KASTER & ANDERSON, PLLP | (202) 263-3000 |
| 4600 IDS Center | |
| 80 South Eighth Street | |
| Minneapolis, MN 55402 | |
| (612) 256-3200 | |

---

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO COMPEL RESPONSES
TO PLAINTIFFS' REQUESTS FOR PRODUCTION
OF DOCUMENTS, SETS I AND II**

---

## **ISSUE PRESENTED**

Should the Court order Defendants to produce all payroll records for each Plaintiff who opted into this collective action after the January 15, 2006 discovery deadline where Plaintiffs served their discovery requests almost a year and a half before the discovery period closed?

    Plaintiffs' Answer:   Yes.

Should the Court order Defendants to produce emails for each Plaintiff where Plaintiffs agreed to pay the reasonable copying cost for producing these emails and have never agreed to limit the scope of their request to only 7 Plaintiffs?

    Plaintiffs' Answer:   Yes.

Is Defendant required to produce emails of all of their management team relating to loan consultants' job duties, compensation, performance, or hours where Plaintiffs have agreed to pay the reasonable copying costs, and have never agreed to limit the scope of their request to the emails of Jay Farner and Mark Mazey only?

    Plaintiffs' Answer:   Yes.

Should Plaintiffs be awarded the attorneys' fees and costs they incurred by having to bring this motion to compel?

    Plaintiffs' Answer:   Yes.

## MOST CONTROLLING AUTHORITY

**Cases**

Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 765 (6th Cir. 2005)

PepsiCo., Inc. v. Central Inv. Corp., Inc., 216 F.R.D. 418, 420-21 (6th Cir. 2002)

Fischer v. United Parcel Serv. Co., 2006 WL 1046973 (E.D. Mich. Apr. 19, 2006)

**Rules**

Fed. R. Civ. P. 33

Fed. R. Civ. P 34

Fed. R. Civ. P. 37(a)(4)(A)

## **INTRODUCTION**

Plaintiffs brought suit against Defendants, Quicken Loans, Inc. and Daniel B. Gilbert ("Defendants"), under the Federal Fair Labor Standards Act ("FLSA"), alleging Defendants' compensation practices violated FLSA. Approximately two years ago, Plaintiffs served discovery requests, seeking relevant information to the issues in this lawsuit. While Defendants have produced some documents responsive to Plaintiffs' discovery requests, their responses are nowhere near full and complete. Defendants claim that on June 10, 2005, Plaintiffs' counsel agreed to limit the scope of Plaintiffs' discovery requests. No such agreement exists.

Plaintiffs bring this motion requesting that the Court order Defendants to produce all complete and accurate payroll records for all Plaintiffs who have joined this litigation by filing consents forms before January 15, 2006. Additionally, this motion seeks an order compelling Defendants to produce all email files, sent or received by each Plaintiff and all email files, sent or received by all team captains, sales directors, divisional vice presidents and Jay Farner relating to loan consultants duties, performance, hours, or pay, from June 1, 2001 to present. Defendants cannot cease to produce discovery simply because the discovery period has closed. As such, Defendants should be ordered to fully and completely comply with Plaintiffs' discovery requests and produce all payroll records for Plaintiffs who opted-in before the discovery deadline. Further, because the parties have never entered into an agreement to limit the scope of Plaintiffs' requests, Defendants should be ordered to produce all emails for all Plaintiffs and their management team relevant to this lawsuit.

## **LOCAL RULE 37.1 CERTIFICATION**

As outlined below, the parties have exchanged numerous correspondence regarding the resolution of these discovery issues. Defendants have consistently contended that Plaintiffs' counsel agreed to limit their discovery requests despite Plaintiffs' counsel's denial that such an agreement exists. Additionally, Defendants claim that they are not obligated to produce discovery after discovery closes even though Plaintiffs' discovery requests were served two years ago. Because Defendants continue to refuse to supplement their discovery responses, Plaintiffs are now before this Court seeking assistance. While Plaintiffs have certainly fulfilled their meet and confer obligations under this Local Rule, on November 8, 2006, as a courtesy to Defendants, Plaintiffs informed Defendants that they were filing this motion.

## **DOCUMENTS RELIED UPON**

| | |
|---|---|
| Exhibit A | Plaintiffs' Preservation letter |
| Exhibit B | Plaintiffs' Request for Production, Set I |
| Exhibit C | Defendants' Answers to Plaintiffs' Request for Production, Set I |
| Exhibit D | Plaintiffs' Request for Production, Set II |
| Exhibit E | Defendants' Answers to Plaintiffs' Request for Production for Documents, Set II |
| Exhibit F | Protective Order Signed by Paul V. Gadola on February 3, 2005 |
| Exhibit G | Revised Discovery Agreement dated June 27, 2005 |
| Exhibit H | Srey Letter to Davis dated December 29, 2005 |
| Exhibit I | Laughren Letter to Srey dated January 6, 2006 |
| Exhibit J | Srey Letter to Davis dated January 9, 2006 |
| Exhibit K | Notices of Depositions Pursuant Rule 30(b)(1) |

| | |
|---|---|
| Exhibit L | Srey Letter to Davis dated January 19, 2006 |
| Exhibit M | Laughren letter to Nichols and Srey dated January 20, 2006 |
| Exhibit N | Nichols Letter to Davis and Laughren dated January 20, 2006 |
| Exhibit O | Srey Letter to Davis regarding documents produced dated March 17, 2006 |
| Exhibit P | Laughren Letter to Srey dated March 30, 2006 |
| Exhibit Q | Srey Letter to Davis and Laughren dated April 13, 2006 |
| Exhibit R | Bull letter and email to Srey dated April 20, 2006 |
| Exhibit S | Laughren letter to Srey dated April 26, 2006 |

**STATEMENT OF FACTS**

Plaintiff Ryan C. Henry filed this lawsuit, on behalf of himself and other similarly situated employees, on May 17, 2004. Shortly after filing his Complaint, Plaintiffs sent Defendants a letter informing Defendants of their duty to preserve electronically stored evidence, specifically notifying Defendants of Plaintiffs' intent to request electronically store information in discovery. (Ex. A.) On August 12, 2004, Plaintiffs served Defendants with Plaintiffs' first set of written discovery requests, including Plaintiffs' Requests for Production, Set I. (Ex. B.) On February 10, 2005, after deposing Defendants' corporate representatives, Todd Lundsford and Jay Farner, Plaintiffs served Defendants with Plaintiffs' Requests for Production of Documents, Set II. (Ex. D.)

In pertinent part, the "Definitions" Section of Plaintiffs' Request for Production, Set I states, "Plaintiffs" means all person identified as Plaintiffs in the caption and all person who have filed consent forms in this matter. (Ex. B.) Further, the "Instructions" section specifically notifies Defendants of their continuing duty to supplement their responses until the instant action is terminated. (Id.) Plaintiffs' Requests for Production,

3

Set II incorporates the "Definitions" and "Instructions" sections in Set I. (Ex. D.) Defendants responded to Plaintiffs' Requests for Production, Sets I and II on September 15, 2004 and March 15, 2005, respectively. (Ex. C and E.)

Plaintiffs' requests and Defendants' answers that are the subject of this motion to compel are:

**Request No. 6**: All payroll records, in electronic format, relating to Plaintiffs' compensation during their employment.

**Answer No. 6**: Defendants will produce documents responsive to this request upon the entry of an appropriate protective order.

**Request No. 40**: All email files, in PST format, sent or received by each Plaintiff. [The email system was described by Todd Lundstrom in his deposition.]

**Answer No. 40:** Because of the length of Defendants' Answer, Plaintiffs refer the Court to pages 7-9 of Exhibit E attached to this motion.

**Request No. 41:** All email files, in PST format, sent or received by all team captains, sales directors, divisional vice presidents and Jay Farner relating to loan consultants duties, performance, hours, or pay, from June 1, 2001 to present.

**Answer No. 41**: Because of the length of Defendants' Answer, Plaintiffs refer the Court to page 10 of Exhibit E attached to this motion.

The Court signed a Protective Order on February 3, 2005. (Ex. F.) Subsequently, the parties entered into a "Revised Discovery Agreement" on or about June 27, 2005. (Ex. G.) On December 29, 2005, Plaintiffs' counsel sent Defendants a letter outlining a number of unresolved discovery issues and inquiring Defendants' reasons for not producing documents they represented would be produced upon the entry of an appropriate protective order. (Ex. H.) Defendants' counsel responded by claiming, among others things:

4

      a.      Plaintiffs' counsel had "agreed to various discovery parameters and resolved many outstanding discovery issues;"[1]

      b.      Documents responsive to Plaintiffs' requests had been available for months at Defendants' counsel's office in Detroit, Michigan; and

      c.      Defendants did not receive a request for Plaintiffs' payroll information for Consenting Plaintiffs other than those Plaintiffs listed in Defendants' letter.

(Ex. I.) In response, Plaintiffs' counsel reminded Defendants that the "Instructions" section of Plaintiffs' Request for Production specifically notified Defendants of their continuing duty to supplement their discovery responses for all Plaintiffs.[2] (Ex. J.) Additionally, Plaintiffs noted to Defendants that Defendants' new position was inconsistent with Defendants' previous production. (Id.)

On January 18, 2006, Defendants' counsel Robert P. Davis, left Plaintiffs' counsel a voicemail stating the Defendants would be producing disks containing emails at the depositions scheduled for the next day. On January 19, 2006, Plaintiffs' counsel, Don Nichols, deposed two of Defendants' representatives produced in response to Plaintiffs' Rule 30(b)(1) Notices of Deposition requesting Defendants produce "employee(s) who were responsible for: collecting emails, voicemails, [and] other electronic data" for Plaintiffs and Defendants. (Ex. K.) That same day, Plaintiffs' counsel wrote to Defendants' counsel to inform Defendants that disks had not been produced to Mr. Nichols at the depositions. Plaintiffs asked Defendants to supplement Defendants' discovery responses in conformity with the Federal Rules of Civil Procedure. (Ex. L.)

---

[1] In Defendants' January 6, 2006 letter, Defendants for the first time claim that during a June 10, 2005 telephone conference between the parties, Plaintiff's counsel agreed to limit their requests to for managers' emails (Request 41) to Jay Farner and Mark Mazey's only and their request for Plaintiffs' emails (Request 40) to just seven consenting Plaintiffs.

[2] As stated in Plaintiff's discovery request, "Plaintiffs" is defined as "all persons identified as Plaintiffs in the caption and all persons who have field Consent Forms in this matter."

5

Plaintiffs' January 19, 2006 letter also informed Defendants of Plaintiffs' intention to send a copying service to Defendants' counsel's office to retrieve all responsive documents, electronic or otherwise. (Id.) In response, Defendants' counsel Sheryl Laughren claimed she offered Mr. Nichols the email files of Mr. Mazey, Mr. Farner, and seven consenting Plaintiffs at the depositions on January 19th. (Ex. M.) Additionally, Ms. Laughren claimed that following Defendants' responses to Set II of Plaintiffs' Request for Production, the Defendants' counsel "worked out an arrangement with [Plaintiffs' counsel] under which [Defendants' counsel] would produce emails that had already been retrieved for seven Consenting Plaintiffs and that [Defendants' counsel] would retrieve and produce Mr. Mazey and Mr. Farner's emails for a period of several months." (Id.) Immediately after receiving Ms. Laughren's letter, Mr. Nichols responded by informing Ms. Laughren that she had made several misrepresentations in her letter. (Ex. N.) Among many other things, Mr. Nichols' letter stated:

> We ask that you stop using the June 10, 2005 conversation as an excuse for your failure to timely and completely comply with the discovery rules. We did not enter into any agreement to limit the scope of discovery in that conversation. Further, I have reviewed our files and see no reflection of any such agreement between the parties that you claim we reached. You are just wrong. I am asking you to make a good faith attempt to answer the discovery requests in this case.

(Id.)

In late January 2006, Plaintiffs picked up and copied the documents Defendants claimed were available for months at their counsel's office. Plaintiffs paid approximately $11,600.00 for a total of eighteen CDs' of documents purportedly responsive to Plaintiffs' requests. After reviewing all of these documents, Plaintiffs' counsel noted several deficiencies in Defendants' production and informed Defendants' counsel of this

6

by letter on March 17, 2006. (Ex. O.) In response to the March 17th letter, Defendants again relied on the alleged agreement the parties supposedly entered into on June 10, 2005. (Ex. P.) Further, without identifying any supporting authority, Defendants stated that they would not be producing payroll data for twenty-five (25) Plaintiffs who filed consent forms to join this case after the close of discovery. (Id.) As for the emails Plaintiffs have requested, Defendants claimed that they compiled approximately 214,000 emails for the 7 Plaintiffs, Farner, and Mazey. (Id.) Defendants contend that the cost for producing the emails in electronic form is $42,892.42 and that upon receiving a check from Plaintiffs' counsel in that amount, the emails will be produced. (Id.)

Plaintiffs' counsel responded to Defendants by requesting Defendants provide the specific authority allowing Defendants to cease producing discovery responsive to Plaintiffs' requests simply because the discovery period has closed. (Ex. Q.) Again, Plaintiffs requested Defendants discontinue referring to the June 10, 2005 conference call regarding an agreement to limit the scope of discovery that was in fact never reached during that call. Also, Plaintiffs demanded production of all emails. (Id.) Plaintiffs informed Defendants of Plaintiffs' belief that $42,892.42 is a high cost for producing 214,000 emails in electronic format; therefore, Plaintiffs will agree only to pay the reasonable copying costs. (Id.) Finally, Plaintiffs demanded production of all personnel files and payroll records for all Plaintiffs. (Id.)

On April 20, 2006, Defendants requested additional time to respond to Plaintiff's April 13, 2003 letter and stated that "Any motion that you may choose to file before that time will likely be rendered moot." (Ex. R.) Defendants responded to Plaintiffs' letter on April 26, 2006. (Ex. S.) With respect to the payroll records Plaintiffs seek to compel,

7

Defendants stated that they "will not acquiesce to your [Plaintiffs] after-the-close-of-discovery attempt to expand discovery requests to obtain information beyond that sought through plaintiffs' formal discovery requests."  (Id.)  As for the emails, Defendants contend that they have fully complied with the alleged agreement reached on June 10, 2005, $42,892.42 is the reasonable costs incurred as a result of Plaintiffs' request, and they are not producing any more emails than these 214,000 emails for the 7 Plaintiffs, Farner, and Mazey.  (Id.)

As a result, Plaintiffs are before this Court with this instant motion seeking an order compelling Defendants to produce all payroll records for all Plaintiffs who have joined this case prior to January 15, 2006.  Further, Plaintiffs seek all emails for each Plaintiff and emails sent to and retrieved from Defendants' management team relating to loan consultants duties, performance, hours, or pay, from June 1, 2001 to present.  Plaintiffs also seek an expedited hearing and attorneys' fees and costs incurred in connection with this motion.

**ARGUMENT**

Under Federal Rule of Civil Procedure 26(b)(1) a party is entitled to discovery of any matter that is relevant, non-privileged, and, even if not admissible at trial, "appears reasonably calculated to lead to the discovery of admissible evidence." Relevance is defined very broadly for discovery purposes. Fischer v. United Parcel Serv. Co., 2006 WL 1046973 (E.D. Mich. Apr. 19, 2006) (citation omitted).

Rule 37 provides that a party, upon reasonable notice, may apply for an order compelling disclosure or discovery by motion if the party requested to answer fails to answer an interrogatory or request for production, or simply refused to provide complete

8

responses pursuant to Fed. R. Civ. P. 33 or 34. Additionally, the Rule 37(a)(4)(A) permits the moving party to recover its costs and attorneys' fees incurred in relation to bringing a motion to compel. See PepsiCo., Inc. v. Central Inv. Corp., Inc., 216 F.R.D. 418, 420-21 (6th Cir. 2002) ("by it terms, Rule 37(a)(4)(A) requires the Court to award the moving party its legal fees when it grants a motion to compel . . .."). To determine whether to sanction the non-moving party, the Court must determine whether Defendants' failure to cooperate has been willful and in bad faith, and whether the Plaintiffs have been "prejudiced by [Defendants'] failure to cooperate in discovery." Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 765 (6th Cir. 2005).

Undoubtedly, the documents requested by Plaintiffs are relevant to the issues in this overtime lawsuit. As set forth above, Plaintiffs' counsel has repeatedly requested Defendants to completely and accurately respond to all outstanding discovery requests and have specifically demanded production of the personnel files, payroll records, and Plaintiffs' and managers' emails on several occasions. In response, Defendants continue to rely on a fictitious agreement to limit Plaintiffs' discovery requests for emails, evidencing bad faith on Defendants' part. Moreover, Defendants continue to claim that they are not obligated to produce payroll records responsive to Plaintiffs' requests because the discovery deadline has passed. Defendants' obligation to comply with the discovery rules does not cease simply because the discovery period has closed, particularly in light of the fact that Plaintiffs served their discovery requests two years ago.

Plaintiffs' counsel has spent a great deal of time and incurred expenses in attempting to resolve these discovery issues without this Court's assistance. Under the

9

circumstances outlined for this Court, an order compelling Defendants to fully respond to Plaintiffs' discovery requests is wholly appropriate.

## CONCLUSION

This Court should order Defendants to produce all documents responsive to Plaintiffs' requests. Further, Plaintiffs should be awarded the costs and attorneys' fees for having to file this motion because of the fact that Defendants' continuous delay in providing documents responsive to Plaintiffs' requests is in direct violation of the discovery rules and greatly prejudices Plaintiffs.


Dated: 11.08.06                             NICHOLS KASTER & ANDERSON, PLLP

                                            s/Rachhana T. Srey_____-
                                            Donald H. Nichols, MN Bar No. 78918
                                            Paul J. Lukas, MN Bar No. 22084X
                                            Michele R. Fisher, MN Bar No. 303069
                                            Rachhana T. Srey, MN Bar No. 340133
                                            4600 IDS Center
                                            80 South 8th Street
                                            Minneapolis, Minnesota 55402-2242

                                            EISENBERG & BOGAS, P.C.
                                            Charlotte E. Croson, (P56589)
                                            33 Bloomfield Hills Parkway, Suite 145
                                            Bloomfield Hills, MI 48304-2945
                                            (248) 258-6080

                                            **ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **Kathy L. Bogas** eb@ebpclaw.com, **Kimberly J. Bull**, kbull@dickinsonwright.com, cSettle@dickinsonwright.com; **Charlotte Croson** eb@ebpclaw.com, **Lawrence G. Campbell** lcampbell@dickinsonwright.com; cbennett@dickinsonwright.com); **Robert P. Davis**, **Sheryl A. Laughren,** rdavis@mayerbrownrowe.com; slaughren@dickinsonwright.com; egraham@dickinsonwright.com; mcconaghyt@aol.com; **Paul J. Lukas** lukas@nka.com; honkanen@nka.com; **Donald H. Nichols** nichols@nka.com; **James B. Perry** jperry@dickinsonwright.com; **Rachhana T. Srey**, srey@nka.com, date@nka.com, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Michele R. Fisher.

                                        s/Rachhana T. Srey
                                        4600 IDS Center
                                        80 South 8th St.
                                        Minneapolis, MN 55402
                                        Phone: (612) 256-3200
                                        Email: srey@nka.com
                                        [Attorney Bar No. 340133]