UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN C. HENRY, individually and on behalf
of all other similarly situated employees,

   Plaintiffs,         Case No. 04-40346

vs.

                HONORABLE PAUL V. GADOLA
                HONORABLE STEVEN D. PEPE

QUICKEN LOANS, INC., a Michigan corporation,
and DANIEL B. GILBERT, personally and individually,

   Defendants.
_____/

**ORDER RE: DKT. #310 & #328**

On November 8, 2006, Plaintiffs filed their Motion to Compel Responses to Plaintiffs' Requests For Production Of Documents, Sets I and II, which seeks an order compelling Defendants to produce all email files, sent or received by each Plaintiff and all email files, sent or received by all team captains, sales directors, divisional vice presidents and Jay Farner relating to loan consultants duties, performance, hours, or pay, from June 1, 2001 to present (Dkt. #310). On November 28, 2006, Defendants filed their Opposition to Plaintiffs' Motion To Compel Production Of Documents And Defendants' Motion And Brief For A Protective Order Regarding Discovery Of Electronic Materials, which challenges Plaintiffs' request as being excessively costly and unduly burdensome (Dkt. #328). Both motions was referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A). On January 17, 2007, a hearing was

1

held regarding the parties' unresolved issues.

    For reasons stated on the record and indicated below **IT IS ORDERED THAT**:

    1.    On or before January 24, 2007, Defendants shall provide Plaintiffs' counsel with all the e-mails they have compiled for 7 Plaintiffs, and two Quicken Loans, Inc. managers, Jay Farner, and Mark Mazey, except those for which Defendants' counsel claims privilege.  These e-mails will serve as a sample by which the parties will be able to better determine and present arguments to the Court on the degree of difficulty and cost associated with compiling both the more extensive sample of e-mail and Plaintiffs' larger request.  For those items over which Defendants' counsel claims privilege, they shall provide the Plaintiffs' counsel with a privilege log which for each document withheld should identify:

    i.    The author(s) and all recipients, along with their capacities/roles/positions.

    ii.    The nature of the privileged asserted.

    iii.    The subject matter.

    iv.    The date created and the length of the document.

    v.    The purpose of the document.

    vi.    Why the document is believed to be privileged or otherwise immune from discovery.

    These categories, especially the last, must be sufficiently detailed to allow the Plaintiff's counsel the ability to intelligently challenge and argue that the privilege does not exist, and the Court the ability to determine whether the discovery opponent has discharged its burden of establishing the privilege.  While all this detail may be burdensome, it will provide the basis for a more accurate evaluation of the discovery opponent's claims.  The following examples (which

are non-exhaustive) are insufficient to establish privilege: "letter re claim"; "analysis of claim"; "report in anticipation of litigation."

2. Plaintiffs' and Defendants' designated electronic discovery experts shall meet and confer on the processes that will be required to retrieve the subject e-mails. Plaintiffs' expert shall be allowed supervised access to Defendants' computer systems in order to make an argument that the privilege does not exist and to conduct an assessment of the most efficient possible method for compiling and screening the designated e-mails.

3. On or before February 19, 2007, both parties shall file a single or, if needed, separate report(s) with the Court indicating the current status of their review of the e-mail documents and providing with detailed explanation their assessment of the time and cost that was required to compile the sample and what will be required to complete Plaintiffs' larger request.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Date: January 17, 2007                                    s/Steven D. Pepe
Ann Arbor, Michigan                                       United States Magistrate Judge

3

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on <u>January 18, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Kathleen L. Bogas, Lawrence G. Campbell, Charlotte Croson, Robert P. Davis, Sheryl A. Laughren, Paul J. Lukas, Donald H. Nichols, James B. Perry, Kimberly J. Ruppel, Rachhana T. Srey</u>, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: <u>Michele R. Fisher, 4600 IDS Center, 80 S. 8th. St., Minneapolis, MN 55402</u>

                                                                                  <u>s/ James P. Peltier</u>
                                                                                  James P. Peltier
                                                                                  Courtroom Deputy Clerk
                                                                                  U.S. District Court
                                                                                  600 Church St.
                                                                                  Flint, MI 48502
                                                                                  810-341-7850
                                                                                  pete_peliter@mied.uscourts.gov