UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RYAN C. HENRY, individually and on behalf
of all other similarly situated employees,

        Plaintiffs,                           Case No. 04-40346

vs.

                                          HONORABLE PAUL V. GADOLA
                                          HONORABLE STEVEN D. PEPE

QUICKEN LOANS, INC., a Michigan corporation,
and DANIEL B. GILBERT, personally and individually,

        Defendants.
_____/


## ORDER REGARDING DKT. #387, #383, AND #384

      In response to the January 18, 2007, order, the parties have submitted status reports with

the Court indicating the current status of their review of the e-mail documents involved in this

case and providing with detailed explanation their assessment of the time and cost that was

required to compile the sample and what will be required to complete Plaintiffs' larger request

(Dkt. #383 & #384).  On March 8, 2007, Plaintiffs also filed their "Motion to Compel Payroll

Information In Electronic and Importable Format and Plaintiffs' Employment Dates" (Dkt.

#387).  Plaintiffs' motion was referred for hearing and determination pursuant to 28 U.S.C. § 636

(b)(1)(A).  On April 17, 2007, a hearing was held regarding the parties' unresolved issues.

      Plaintiffs' counsel indicated that its concern over Defendant Quicken Loans' e-mails

being provided in TIFF format instead of PST format has been resolved to the extent that

reproduction in PST format is no longer necessary.

Regarding the other matters in Plaintiffs' motion and for reasons stated on the record and indicated below **IT IS ORDERED THAT**:

1.      On or before May 1, 2007, Defendants shall provide Plaintiffs' expert, Mark Lanterman, at Plaintiffs' reasonable expense for his services and the electronic copying expenses, with a copy of all of its system back-up tapes which contain e-mails sent or received in May 2004.[1]  It is anticipated that one additional month of back-up tapes will be made available, again at Plaintiffs' expense, following an assessment of the feasibility of this production and filtering process.  Defendant Quicken Loans, Inc. is providing documents potentially material to this litigation under order of this Court, and it is unable to do so and screen out  privileged or proprietary information and documents without its attorney obtaining the assistance of an information technology expert such as Mark Lanterman.  While Mr. Lanterman's  fees are ordered to be paid by Plaintiffs, he will act under the direction and control of defense counsel, Robert Davis, or his designee, to protect any of Mr. Davis' client , Quicken Loans, Inc.'s privileged or proprietary information.  Under the direction and control of defense counsel, Robert Davis, or his designee, Mr. Lanterman shall screen the Quicken Loans back-up tapes and construct a filtered data base, which is limited as stated on the record of the April 17 hearing. Among other matters, this shall include screening for search terms material to issues involved in this litigation, and screening out communications to or from Quicken Loans, Inc.'s attorneys or

---

[1] The phrase "which contain e-mails sent or received in May 2004" is only used to identify the 25-30 back up tapes at issue.  Following screening by  Mr. Lanterman, Plaintiffs shall be allowed access to all gathered information contained on the filtered version of the back-up tapes involving  the 444 Plaintiffs and 160 managers at issue in this case, regardless of their date of creation.

any references to confidential legal advice obtained from such legal counsel.  On or before May 1, 2007, the parties shall meet and confer on the search terms utilized in filtering this database. Additionally, Mr. Lanterman shall sign a declaration prepared by Mr. Davis that he agrees to act as an agent under the direction and control of Mr. Davis, or his designee, in order to protect privileged information and other proprietary information of Mr. Davis' client, Quicken Loans, Inc., and that and he will take all reasonable and necessary steps to respect and preserve the confidentiality of such documents and information contained therein.

2.      On or before May 1, 2007, Defendant Quicken Loans, Inc. has agreed to provide Plaintiffs' counsel with data indicating employment dates for all Plaintiffs as are available from its Ultipro system that includes the gross and net pay by time period of the Plaintiffs from January 2005 to the present.  Quicken Loans, Inc. has also agreed to provide this data in Excel format if possible.  In addition, Quicken Loans, Inc. has agreed to use due diligence to provide similar payroll information and related employment dates prior to January 2005 in Excel format or if Excel is not feasible, the next most importable format.

3.      Defense counsel indicated on the record that he would identify individual Plaintiffs he believes were not Web Center mortgage bankers in an effort to reach agreement with Plaintiffs' counsel on which Plaintiffs should be dismissed from this case as not properly being members of the class in this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Any objections are required to specify the part of the

Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**So Ordered.**

Date: April 18, 2007                                     s/Steven D. Pepe
Ann Arbor, Michigan                              United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Kathleen L. Bogas, Lawrence G. Campbell, Charlotte Croson, Robert P. Davis, Sheryl A. Laughren, Paul J. Lukas, Donald H. Nichols, James B. Perry, Kimberly J. Ruppel, Rachhana T. Srey, Robert C. Varnell, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: Michelle R. Fisher, 4600 IDS Center, 80 S. 8th. St., Minneapolis, MN 55402

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete__peliter@mied.uscourts.gov

4