UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RYAN C. HENRY, individually and on behalf
of all other similarly situated employees,

       Plaintiffs,                                 Case No. 04-40346

vs.

                                                 HONORABLE PAUL V. GADOLA
                                                 HONORABLE STEVEN D. PEPE

QUICKEN LOANS, INC., a Michigan corporation,
and DANIEL B. GILBERT, personally and individually,

       Defendants.
_____/


## ORDER REGARDING DECLARATION OF MARK LANTERMAN

In response to the January 18, 2007, Order, the parties submitted status reports with the Court indicating the current status of their review of the e-mail documents involved in this case and providing with detailed explanation their assessment of the time and cost that was required to compile the sample and what will be required to complete Plaintiffs' larger request (Dkt. #383 & #384). On March 8, 2007, Plaintiffs also filed their "Motion to Compel Payroll Information In Electronic and Importable Format and Plaintiffs' Employment Dates" (Dkt. #387). Plaintiffs' motion was referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A). On April 17, 2007, a hearing was held regarding the parties' unresolved issues, and an April 18, 2007, Order was issued. A conference call was held on May 14, 2007, regarding new issues that had arisen as a result of the parties attempt to comply with the Court's April 18, 2007, order. In

1

accordance with the discussions in that conference, the April 18, 2007, Order was modified as follows:

    1.     The paragraph numbered as "1" is amended to read:

On or before May 28, 2007, Defendants shall provide Plaintiffs' expert, Mark Lanterman, at Plaintiffs' reasonable expense for his services and the electronic copying expenses, with a copy of all of its system back-up tapes which contain e-mails sent or received in April, May and June 2004.[1] It is anticipated that one additional month of back-up tapes will be made available, again at Plaintiffs' expense, following an assessment of the feasibility of this production and filtering process. Defendant Quicken Loans, Inc. is providing documents potentially material to this litigation under order of this Court, and it is unable to do so and screen out privileged or proprietary information and documents without its attorney obtaining the assistance of an information technology expert such as Mark Lanterman. While Mr. Lanterman's fees are ordered to be paid by Plaintiffs, he will act under the direction and control of defense counsel, Robert Davis, or his designee, to protect any of Mr. Davis' client, Quicken Loans, Inc.'s privileged or proprietary information. Under the direction and control of defense counsel, Robert Davis, or his designee, Mr. Lanterman shall screen the Quicken Loans back-up tapes and construct a filtered data base, which is limited as stated on the record of the April 17 hearing. Among other matters, this shall include screening for search terms material to issues involved in this litigation, and screening out communications to or from Quicken Loans, Inc.'s attorneys or any references to confidential legal advice obtained from such legal counsel. On or before May 1, 2007, the parties shall meet and confer on the search terms utilized in filtering this database. Additionally, Mr. Lanterman shall sign a declaration prepared by Mr. Davis that he agrees: (a.) to act as an agent under the direction and control of Mr. Davis, or his designee, in order to protect privileged information and other proprietary information of Mr. Davis' client, Quicken Loans, Inc.; (b.) that he will abide by the terms of this order; (c.) that he will take all reasonable and necessary steps to respect and preserve the confidentiality of such documents and information contained therein; and (d.) that he agrees to submit to the jurisdiction of the United States District Courts for the Eastern District of Michigan and the District of Minnesota for any claims that arise at common law for violations of this agreement or to respond to any motions for contempt of this Order.

---

[1] The phrase "which contain e-mails sent or received in April, May and June 2004" is only used to identify the back up tapes at issue. Following screening by Mr. Lanterman, Plaintiffs shall be allowed access to all gathered information contained on the filtered version of the back-up tapes involving the 444 Plaintiffs and 160 managers at issue in this case, regardless of their date of creation.

The parties have again contacted the Court and indicated they are unable to agree on the final form and content of Mr. Lanterman's declaration. Each party has submitted competing versions of the declaration, and have asked that the Court provide further assistance in resolving their disagreement so that they can complete electronic discovery in this case. In accordance with this Court's orders, the Declaration of Mark Lanterman shall read as follows:

> Pursuant to the April 18, 2007, Order Regarding DKT. #387, #383, and #384 in Case No. 04-40346 and the May 15, 2007, Order Modifying April 18, 2007, Order (both orders together referred to as the "Order"), I agree to act as an agent under the direction and control of Defendants' counsel, Mr. Robert P. Davis, or his designee, in order to protect privileged information and other proprietary information of Mr. Davis' client, Quicken Loans Inc. I further agree to abide by the terms of this Court's Order and to take all reasonable and necessary steps to respect and preserve the confidentiality of such documents and information contained therein.
>
> I hereby agree to submit to the jurisdiction of the United States District Courts for the Eastern District of Michigan and the District of Minnesota for any claims that arise at common law for violations of this agreement or to respond to any motions for contempt of this Order.
>
> Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____  _____
                                                                    Mark Lanterman

In Defendants' proposed declaration, they include a number of conditions that qualify as provisions that are subsumed under the "direction and control" portion of the Court's adopted declaration. As such, it is not necessary to include them within this declaration. The parties are also reminded that all disputes that arise at common law for violations of this agreement or for contempt of this Order are intended to be handled by this Court or the United States District Court for the District of Minnesota.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**


Date: June 25, 2007　　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　United States Magistrate Judge


CERTIFICATE OF SERVICE

　　　　I hereby certify that on June 25, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Kathleen L. Bogas, Lawrence G. Campbell, Charlotte Croson, Robert P. Davis, Sheryl A. Laughren, Paul J. Lukas, Donald H. Nichols, James B. Perry, Kimberly J. Ruppel, Rachhana T. Srey, Robert C. Varnell, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Michelle R. Fisher, 4600 IDS Center, 80 S. 8th. St., Minneapolis, MN 55402

　　　　　　　　　　　　　　　　　　　　　　　s/ James P. Peltier
　　　　　　　　　　　　　　　　　　　　　　　James P. Peltier
　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk
　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court
　　　　　　　　　　　　　　　　　　　　　　　600 Church St.
　　　　　　　　　　　　　　　　　　　　　　　Flint, MI 48502
　　　　　　　　　　　　　　　　　　　　　　　810-341-7850
　　　　　　　　　　　　　　　　　　　　　　　pete_peliter@mied.uscourts.gov