THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN C. HENRY, individually and on behalf
of all other similarly situated employees,

        Plaintiffs,                      Case No. 04-40346

vs.

                                        HONORABLE PAUL V. GADOLA
                                        HONORABLE STEVEN D. PEPE

QUICKEN LOANS, INC., a Michigan corporation,
and DANIEL B. GILBERT, personally and individually,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RULE 16 CONFERENCE (DKT. #412)**
**ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITIVE FINAL LIST OF PLAINTIFFS' LAY WITNESSES (DKT. #407)**
**AND**
**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (DKT. #419)**

On August 10, 2007, Defendants filed a Motion For A More Definitive Final List of Plaintiffs' Lay Witnesses seeking to compel Plaintiffs to file a more definitive final list that is consistent with the Fair Labor Standards Act and reasonable expectations of proof at trial (Dkt. #407). On August 27, 2007, Plaintiffs filed a Motion For Rule 16 Conference with the Court to discuss certain trial issues, such as scheduling and whether this case would proceed as a collective action (Dkt. #412). On September 7, 2007, Plaintiffs also filed a Motion To Compel Defendants to produce their Call Clip Library (Dkt. #419). All three motions were referred for hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A) (Dkt. #411, #414, & #421). A hearing was held on October 9, 2007, in which all unresolved issues were heard.

1

For reasons stated on the record and indicated below, **IT IS ORDERED** that:

1. Plaintiffs' Motion For A Rule 16 Conference is **DENIED WITHOUT PREJUDICE**. The parties agree that Judge Gadola would be in the best position to make determinations relating to trial following his resolution of pending motions for summary judgment. Accordingly, the parties agreed that the issues in Plaintiffs' motion were premature and would be raised later during a status or pre-trial conference if Plaintiffs prevail on the summary judgment motion.

2. Defendants' Motion For A More Definitive Final List of Plaintiffs' Lay Witnesses is **DENIED WITHOUT PREJUDICE**. As with 1. above, the parties agree that Judge Gadola would be in the best position to make determinations related to the numerical range of appropriate witnesses, and whether liability issues should be tried separately before damages, after resolution of the pending summary judgment motion. Accordingly, Defendants' motion is **DENIED WITHOUT PREJUDICE** to be raised at a later status or other pre-trial conference.

3. Plaintiffs' Motion To Compel is **GRANTED**. At issue in Plaintiffs' motion is Defendants Call Clips Library, which consists of hundreds of digital recordings that are frequently disseminated to the loan consultants as "successful" examples of loan consultants following various steps in the "The Sales Process," Defendants' proprietary sales method, and are used as an ongoing training tool. It is determined that the Call Clips sought by Plaintiffs are items reasonably calculated to include relevant and admissible evidence. They were within the scope of discovery earlier requested by Plaintiffs' counsel, and her delays in seeking further production was justified under the circumstances. The parties appear to have reasonably disagreed over the meaning of training materials, and Plaintiffs' counsel only recently had reason to know additional Call Clips materials exist, although there is no showing of any bad faith in the more limited production made by Defendants counsel. Accordingly, it is **ORDERED** that Defendants produce the Call Clip Library in its entirety to Plaintiffs within 14 days, or such time as agreed by counsel, or such time period set by further Court order if production within 14 days is not reasonably possible and if agreement is not reached.

For reasons stated on the record and indicated above, Plaintiffs' Motion for a Rule 16 Conference is **DENIED WITHOUT PREJUDICE**, Defendants' Motion for a More Definitive Final List of Plaintiffs' Lay Witnesses is **DENIED WITHOUT PREJUDICE**, and Plaintiffs' Motion to

Compel is **GRANTED**. The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: October 10, 2007  s/Steven D. Pepe
Flint, MI  United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on <u>October 10, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Kathleen L. Bogas, Charlotte Croson, Robert P. Davis, Michele R. Fisher, Paul J. Lukas, Jeffrey B. Morganroth, Mayer Morganroth, Donald H. Nichols, Rachhana T. Srey, Robert C. Varnell.</u>, and I hereby certify that I have mailed United States Postal Service the paper to the non-ECF participants: <u> not applicalbe</u>

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov