THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN C. HENRY, individually and on behalf
of all other similarly situated employees,
    Plaintiffs,                              Case No. 04-40346
vs.
                                                HONORABLE PAUL V. GADOLA
                                                HONORABLE STEVEN D. PEPE

QUICKEN LOANS, INC., a Michigan corporation,
and DANIEL B. GILBERT, personally and individually,
    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MULTIPLE SUMMARY JUDGMENT MEMORANDUM (DKT. #453)**
**AND**
**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DKT. #456)**

On October 11, 2007, Plaintiffs filed a Motion To Strike Defendants' Multiple Summary Judgment Memorandum seeking to strike three of Defendants' four separate memoranda filed in support of Defendants' Motions for Summary Judgment, pursuant to Local Rule 7.1 (Dkt. #453). On October 12, 2007, Defendants filed a Motion For Protective Order against the noticed deposition of Mr. Lanterman (Dkt. #456). Both motions were referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. #457). A hearing was held on November 1, 2007, in which all unresolved issues were heard.

For reasons stated on the record and indicated below, **IT IS ORDERED** that:

1. Because Plaintiffs have already filed responses to all of Defendants' Motions for Summary Judgment, the parties agreed that Plaintiffs' Motion to Strike is rendered moot. Accordingly, Plaintiffs' motion is **DENIED**.

2. Defendants' Motion For Protective Order is **DENIED**. In a series of orders, this Court ordered that Mark Lanterman, a computer forensics expert, should

1

conduct certain email retrievals and searches (Dkt. #396, #398, #402). The Court indicated that Mr. Lanterman was to act "under the direction and control," and as the agent, of Defendants' counsel, and that the cost of his work would be billed to Plaintiffs' counsel (Dkt. #396, p. 2; Dkt. #398, p. 2; Dkt. # 402, p. 3). Mr. Lanterman completed his work and submitted a bill to Plaintiffs' counsel for $91,191.35 on October 3, 2007.

Because Plaintiffs' have been ordered to pay Mr. Lanterman's reasonable expenses, Plaintiffs' counsel has sought to depose Mr. Lanterman in order to ask him a limited set of questions on the record about his bill and process. Both parties agreed that Plaintiffs should be permitted to question Mr. Lanterman about his invoice and the protocol he followed in conducting the email filtering process. The parties only disagreed about whether these questions and answers should be conducted on (deposition) or off (telephone conference) the record.

Plaintiffs' counsel indicated that it is likely that they will be challenging (1.) the need for the cumbersome screening process utilized in this case as well as (2.) the reasonableness of Mr. Lanterman's expenses. At least the second challenge will necessitate specific information from Mr. Lanterman. It was therefore determined that it would be efficient to obtain sworn testimony from Mr. Lanterman.

Accordingly, Plaintiffs' shall be allowed to proceed with the deposition of Mr. Lanterman under the following conditions. The deposition shall be conducted telephonically. Mr. Lanterman will not be in the presence of either parties' counsel. Plaintiffs' counsel will pay for all fees and expenses associated with this deposition and will ensure that the court reporter is located with Mr. Lanterman during the taking of his deposition. The attorneys shall obtain all documents that may be needed for Mr. Lanterman's deposition and assemble them in conforming binders for use during the deposition by both counsel and Mr. Lanterman. Defendants' counsel shall also confirm that Mr. Lanterman will participate in the deposition without the need for a subpoena being served on him as a non-party.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: November 1, 2007                          s/Steven D. Pepe
Flint, MI                                         United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Kathleen L. Bogas, Charlotte Croson, Robert P. Davis, Michele R. Fisher, Paul J. Lukas, Jeffrey B. Morganroth, Mayer Morganroth, Donald H. Nichols, Rachhana T. Srey, Robert C. Varnell., and I hereby certify that I have mailed United States Postal Service the paper to the non-ECF participants: not applicable

                                                             s/ James P. Peltier
                                                             James P. Peltier
                                                            Courtroom Deputy Clerk
                                                            U.S. District Court
                                                            600 Church St.
                                                            Flint, MI 48502
                                                            810-341-7850
                                                            pete_peliter@mied.uscourts.gov