**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

RYAN C. HENRY, individually and on behalf of all other similarly situated employees,

Plaintiffs,

v.

QUICKEN LOANS INC., a Michigan corporation, and DANIEL B. GILBERT, personally and individually,

Defendants.

Civil Action No.: 04-CV-40346

Honorable Paul V. Gadola

Magistrate Judge Steven D. Pepe

---

Kathleen L. Bogas (P25164)
EISENBERG & BOGAS, P.C.
33 Bloomfield Hills Parkway, Ste. 145
Bloomfield Hills, MI 48304-2945
(248) 258-6080

Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Rachhana T. Srey, MN Bar No. 340133
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 256-3200

Attorneys for Plaintiffs

Mayer Morganroth (P17966)
Jeffrey Morganroth (P41670)
Morganroth & Morganroth, P.C.
3000 Town Center, Ste. 1500
Southfield, Michigan 48075
(248) 355-3084

Robert P. Davis
Robert C. Varnell
MAYER BROWN ROWE & MAW
1909 K Street, NW
Washington, DC 20006-1101
(202) 263-3000

Attorneys for Defendants

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL**

---

**NEW ISSUE PRESENTED**

1. Should the Court strike Plaintiffs' Motion To Compel on the ground that the Motion is an untimely sur-reply to arguments made in Defendants' Reply in Support of their Motion for Summary Judgment on the Good-Faith Defenses and Lack of Willfulness?

Plaintiffs' Answer: No.

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................ 1

I. THERE IS NO BASIS FOR CONSTRUING AN INDEPENDENT MOTION AS A SUR-REPLY .................................................................................................. 1

II. DEFENDANTS MUST PRODUCE EMAILS AND DOCUMENTS RELATED TO THEIR GOOD FAITH AND WILLFULNESS DEFENSES ........................................... 2

III. DEFENDANTS SHOULD PRODUCE THE DOCUMENTS THEY HAVE IMPROPERLY WITHHELD. ......................................................................... 4

CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

**Federal Cases:**

Carter v. Ford Motor Co.,
No. 06-15285, 2007 WL 4326944 (E.D. Mich. Dec. 10, 2007) ..........................................1

K.W. Muth Co. v. Bing-Lear Mfg. Group, L.L.C.,
219 F.R.D. 554 (E.D. Mich. 2003) ......................................................................................3

Porcaro v. Parizek,
No. 06-13834, 2007 WL 2225880 (E.D. Mich. Aug. 1, 2007)............................................1

Landberg v. Ricoh International,
892 F. Supp. 938 (E.D. Mich. 1995).....................................................................................2

Washington v. City of Detroit,
No. 05-CV-72433-DT, 2007 WL 1308686 (E.D. Mich. May 3, 2007)..............................1

## ARGUMENT

Defendants' arguments in response to Plaintiffs' motion to compel are procedurally and substantively unsound. Defendants continue to manipulate the attorney-client privilege and refuse to play by the rules of discovery in an ongoing effort to resist producing relevant, discoverable documents. The Court should grant Plaintiffs' Motion to Compel.

### I. THERE IS NO BASIS FOR CONSTRUING AN INDEPENDENT MOTION AS A SUR-REPLY.

Defendants open their Response with a cursory argument that Plaintiffs' Motion should be stricken as an untimely sur-reply, on the ground that the motion responds to arguments made in Defendants' Reply in Support of Summary Judgment on the Good-Faith Defenses and Lack of Willfulness. Defendants' attempt to transform a distinct motion—to which Defendants enjoyed a full opportunity to respond—into a sur-reply is invalid.

Defendants torture the language from Carter v. Ford Motor Co., No. 06-15285, 2007 WL 4326944 (E.D. Mich. Dec. 10, 2007), to state that it is "'procedurally improper' to file a new motion in order to 'respon[d] to [a] reply brief.'" (Defs.' Resp. at 2.) In Carter, the plaintiff filed an affidavit as an exhibit to her response to the defendant's motion for summary judgment one week after the defendant filed its reply. Id. at *1. The Court struck the affidavit because the plaintiff did not comply with the procedure set forth in the local rules for filing additional documents in support or opposition.[1] The fact that Plaintiffs' motion to compel addresses issues inextricably intertwined with previous briefing provides no basis for the remedy Defendants

[1]Similarly, in the other cases Defendants cite, the court addressed situations where a party sought leave to file, or simply filed, a sur-reply to the immediately preceding reply. See Porcaro v. Parizek, No. 06-13834¸ 2007 WL 2225880, at *2 (E.D. Mich. Aug. 1, 2007) (allowing sur-reply filed by pro se party); Washington v. City of Detroit, No. 05-CV-72433-DT, 2007 WL 1308686, at *2 (E.D. Mich. May 3, 2007) (denying motion to file response to reply to discovery motion); Landberg v. Ricoh Intern'l, 892 F. Supp. 938, 939 (E.D. Mich. 1995) (denying motion to file sur-reply to summary judgment motion).

seek. The Court should deny Defendants' request because there is no support for the prospect of striking a timely, independent motion to which a party has fully responded.

## II. DEFENDANTS MUST PRODUCE EMAILS AND DOCUMENTS RELATED TO THEIR GOOD FAITH AND WILLFULNESS DEFENSES.

Defendants argue that David Carroll is counsel for some purposes and client for others. This argument simply allows Defendants to hide behind the privilege when most convenient. When it comes to answering interrogatories, producing documents and screening email, Mr. Carroll becomes an attorney. But when it comes to rendering a classification opinion, Mr. Carroll becomes the client. Whether or not Mr. Carroll is the client or counsel, Defendants must disclose the records and information that (1) support the claims made in his declaration, and (2) are responsive to Plaintiffs' discovery requests. Inexplicably, Defendants have never done so.[2]

Defendants contend that Mr. Carroll was the client for purposes of Defendants' classification decision and that his decision was not legal advice, even though he is a lawyer; his job has a legal component; he regularly reviewed federal statutes, regulations, and case law; and he consulted regularly with in-house counsel to make the decision. Nonetheless, Defendants' own treatment of Mr. Carroll contradicts their argument. Defendants asserted the privilege in response to Plaintiffs' discovery requests seeking documents pertaining to the classification decision Mr. Carroll allegedly made himself, and did not produce any responsive documents. The only reasonable conclusion from the failure to produce documents is that Defendants considered Mr. Carroll's classification decision to be privileged legal advice. Defendants next identified Mr. Carroll as a member of Defendants' legal team for purposes of screening

[2] In addition to the disputed requests in this motion, Plaintiffs' request no. 19 sought all documents relating to Defendants' decision not to pay loan consultants overtime. (Dkt. #491-2.) Defendants did not object to this request, yet neither have they produced any responsive unprivileged documentation or communications relating to Mr. Carroll's classification efforts.

privileged emails from production. Finally, Mr. Carroll's declaration acknowledged that "part of my responsibility as VP of Administration is to analyze and work through issues that have a legal component, including, at times, to evaluate and make determinations related to compensation issues involving the Company's employees." (Dkt. #436-7 ¶2.) The classification of Defendants' loan consultants is unquestionably a compensation decision with a legal component. Mr. Carroll's classification decision was the advice of counsel. Defendants waived the privilege over his communications and other documents related to this decision by filing his declaration.

The waiver analysis applies even if Mr. Carroll was not the client. Mr. Carroll repeatedly stated that he made the classification decision in ongoing consultation with Defendants' legal department. (Id. ¶12,16.) Plaintiffs are entitled to test Defendants' purported good faith and lack of willfulness by reviewing the communications between Mr. Carroll and the legal department.[3]

Assuming that Mr. Carroll's classification decision was not legal advice, it was not appropriate to name him as counsel and screen all of his communications from production. Only the communications between Mr. Carroll and Defendants' legal team that were actually privileged should have been screened. Defendants have yet to explain why, if Mr. Carroll was actually the client and only some of his communications were privileged, they have produced no documents to that correspond to the overarching effort Mr. Carroll described in his affidavit. It is beyond belief that he generated no emails, memoranda, or other documents related to the classification decision. Defendants state only that "certain communications involving Mr. Carroll are privileged because he was the client in an attorney-client relationship." (Defs.' Resp. at 3.)

In a footnote, Defendants point out that Plaintiffs did not object to their inclusion of Mr.

---

[3] The scope of the waiver extends to "all other attorney client communications related to the same subject matter." K.W. Muth Co. v. Bing-Lear Mfg. Group, L.L.C., 219 F.R.D. 554, 565 (E.D. Mich. 2003).

Carroll on the list of legal personnel. (Id. at 4, n.1.) Apparently, Defendants fault Plaintiffs for not taking them at their word. Plaintiffs have waived nothing by failing to object to Defendants' misleading conduct. Moreover, if Mr. Carroll was acting as the client, why Defendants have failed to produce any other documents related to the classification decision remains a mystery.

Defendants also portray Mr. Carroll's deposition as a missed opportunity for Plaintiffs to acquire information about Defendants' classification decision. Defendants overlook that at the time of Mr. Carroll's deposition as Quicken Loans' corporate designee, the company had already objected to Plaintiffs' related discovery requests on grounds of privilege. Defendants again fail to explain why they produced no documentation related to the classification effort before or after Mr. Carroll's deposition. Moreover, Mr. Carroll's deposition occurred long before the Department of Labor issued the September 8, 2006 opinion letter described in Mr. Carroll's declaration. It is unbelievable that Defendants have no emails, memoranda or other communications to or from Mr. Carroll that reference this opinion letter.

Defendants cannot maintain that Mr. Carroll's classification decision was not legal advice while simultaneously refusing to produce any related documentation whatsoever on the basis of the attorney-client privilege. If Mr. Carroll's decision was legal advice, then Defendants waived the privilege. If it was not, then where are the unprivileged documents? Defendants should be compelled to produce all documentation related to their classification decision.

## III. DEFENDANTS SHOULD PRODUCE THE DOCUMENTS THEY HAVE IMPROPERLY WITHHELD.

Defendants next argue that Plaintiffs' request for additional discovery is untimely under Rule 37, based on the date Mr. Carroll was deposed. Plaintiffs did not exhaustively inquire into Defendants' classification decision because Defendant had already asserted the privilege over that line of inquiry. Defendant had also put the good-faith and willfulness defenses on hold,

stating that the issues were not yet ripe for determination. The actual catalyst for Defendants' waiver was their motion for summary judgment and Mr. Carroll's declaration, through which Defendants injected the good faith and willfulness issues into the lawsuit.

Defendants next assert that Plaintiffs have no basis to complain about the screening because knew the screening procedures that were to be employed. Had Defendants actually proceeded according to their own instructions, Plaintiffs would have no need to challenge the screening procedure. Even Mr. Lanterman initially demonstrated the same understanding as Plaintiffs. To reach Defendants' understanding, it took multiple rounds of "clarifications," none of which were disclosed to Plaintiffs.

Defendants offer no convincing reason to deny Plaintiffs' request for an additional month of screening, which the Court contemplated in its May 15, 2007 Order (Dkt. #398.) The screening procedure works. The emails sought are relevant to the issues of willfulness, good faith, and liability, and they are not privileged. Plaintiffs object to the process, which Defendants abused, not the cost, if carried out with the full understanding of both parties.

**CONCLUSION**

Defendants cannot evade their discovery obligations or the consequences of their actions through groundless procedural arguments. Defendants' assertion that Mr. Carroll is the client only highlights their failure to produce any documents related to his classification decision. Defendants' overzealous screening procedures were improper, and Defendants should produce the emails withheld as a result. Defendants also should produce an additional month of emails as originally anticipated in the Court's May 15, 2007 Order.

Dated: January 25, 2008

s/ Rachhana T. Srey
Rachhana T. Srey

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2008, I electronically filed the foregoing motion with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: **Kathy L. Bogas**, **Charlotte Croson, Robert P. Davis, Paul J. Lukas, Jeffrey Morganroth, Mayer Morganroth, Donald H. Nichols, and Robert C. Varnell**.

s/Rachhana T. Srey
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
Phone: (612) 338-1919
Email: srey@nka.com
[Attorney Bar No. 340133]