EXHIBIT J

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RYAN C. HENRY, individually and on behalf
of all other similarly situated employees,

        Plaintiffs,

v.

QUICKEN LOANS INC., a Michigan corporation, and
DANIEL B. GILBERT, personally and individually,

        Defendants.

Civil Action No.: 04-CV-40346

Honorable Paul V. Gadola

Magistrate Judge Steven D. Pepe

---

Kathleen L. Bogas (P25164)
EISENBERG & BOGAS, P.C.
33 Bloomfield Hills Parkway, Ste. 145
Bloomfield Hills, MI 48304-2945
(248) 258-6080

Mayer Morganroth (P17966)
Jeffrey Morganroth (P41670)
Morganroth & Morganroth, P.C.
3000 Town Center, Ste. 1500
Southfield, Michigan 48075
(248) 355-3084


Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Rachhana T. Srey, MN Bar No. 340133
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 256-3200

Robert P. Davis
Robert C. Varnell
MAYER BROWN ROWE & MAW
1909 K Street, NW
Washington, DC 20006-1101
(202) 263-3000

Attorneys for Plaintiffs

Attorneys for Defendants

---

## DECLARATION OF RACHHANA T. SREY IN SUPPORT OF REPLY MEMORANDUM TO MOTION FOR RELIEF FROM COMPUTER FORENSICS EXPERT'S INVOICE

1

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Rachhana T. Srey, being duly sworn, states as follows:

1. I am an attorney at the law firm of Nichols Kaster & Anderson, PLLP in Minneapolis, Minnesota. I am competent to testify about the matters contained in this declaration.

2. I submit this declaration in support of Plaintiffs' Reply Memorandum in Support of Motion for Relief From Computer Forensics Expert's Invoice.

3. On August 17, 2007, I emailed defense counsel, Robert C. Varnell, requesting an update on the email search process. Mr. Varnell did not respond to my email.

4. During the entire email search process, Defendants never communicated with me any instructions they gave to Mark Lanterman, the computer forensic expert that fell outside of the scope of the July 10, 2007 letter or the parties' agreement. This includes the additional direction they gave to Mr. Lanterman to screen "nested emails" for modified privileged terms.

5. On or about September 14, 2007, I spoke with Mr. Varnell about, among other things, the email production. Mr. Varnell never mentioned anything to me about the modified search terms or the emptied Plaintiff mailboxes during this conversation.

6. On September 19, 2007, I again spoke with Mr. Varnell regarding the Plaintiff emails. Again, Mr. Varnell did not mention anything to me about the over-exclusive search terms or repopulated Plaintiff mailboxes during this conversation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 1.25.2008

s/Rachhana T. Srey
Rachhana T. Srey

2