UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN C. HENRY, individually and on
behalf of similarly situated employees,

       Plaintiffs,

v.

QUICKEN LOANS INC., a Michigan
corporation, and DANIEL B. GILBERT,
personally and individually,

       Defendants.
                                           /

Case No. 2:04-cv-40346

HONORABLE STEPHEN J. MURPHY, III

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION (D/E 527) GRANTING IN PART AND DENYING IN PART DEFENDANT DANIEL B. GILBERT'S MOTION FOR SUMMARY JUDGMENT BASED ON HIS LACK OF "EMPLOYER" STATUS UNDER THE FAIR LABOR STANDARDS ACT (D/E 435)**

     This is a Fair Labor Standards Act ("FLSA") overtime collective action brought under 29 U.S.C. § 201 *et seq.*, involving approximately 422 plaintiffs who worked as "loan consultants" for defendants Quicken Loans Inc. ("Quicken Loans") and Daniel B. Gilbert. Before the Court is defendant Gilbert's motion for summary judgment based on his lack of "employer" status under the FLSA, filed on October 5, 2007, and the Report and Recommendation of Magistrate Judge Pepe, filed on August 22, 2008.

     The magistrate judge's report and recommendation recommended that defendant Gilbert's motion for summary judgment be granted in part and denied in part. Specifically, the magistrate judge recommended that the Court should hold that if the plaintiffs are able to prove that the violations were willful and a three year statute of limitations is applicable, then Mr. Gilbert would be considered an "employer" under the FLSA for those plaintiffs who were employed by Quicken Loans prior to February 1, 2002, and who filed a notice of claim prior to February 1, 2005. Without a finding that the violations were willful, the magistrate

judge recommended that the Court should hold that Mr. Gilbert was not an "employer" under the FLSA for any plaintiff in this action. The magistrate judge also notified the parties that any objections must be filed within ten days of service. No party has filed objections to the report and recommendations.

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). As the Supreme Court observed, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Because neither party filed timely objections to Magistrate Judge Pepe's report and recommendation, see 28 U.S.C. § 636(B)(1)(c), this Court need not conduct a review.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation [docket entry 527] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that defendant Gilbert's motion for summary judgment [docket entry 435] is **GRANTED IN PART** and **DENIED IN PART**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager