UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN C. HENRY, individually and on
behalf of similarly situated employees,

      Plaintiffs,

v.

QUICKEN LOANS INC., a Michigan
corporation, and DANIEL B. GILBERT,
personally and individually,

      Defendants.

_____/

Case No. 2:04-cv-40346

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS AND AFFIRMING ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE UNDISCLOSED WITNESS STATEMENTS AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO EXCLUDE DEFENDANTS' EXPERT REPORT (D/E 530), AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE MERITS (D/E 556) AND  AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON GOOD FAITH DEFENSES AND LACK OF WILLFULNESS (D/E 555)**

This is a Fair Labor Standards Act ("FLSA") overtime collective action brought under 29 U.S.C. § 201 *et seq.*, involving approximately 415 plaintiffs[1] who worked as "mortgage bankers" for defendants Quicken Loans Inc. ("Quicken Loans") and Daniel B. Gilbert. Before the Court are five separate motions resulting in an order and two reports and recommendations by the magistrate judge, and objections by the parties to the order and to both reports and recommendations.  Specifically before the Court are defendants' objections (docket entry 534) to an order by Magistrate Judge Pepe (docket entry 530) granting plaintiffs' motion to strike (docket entry 464) and granting in part plaintiffs' motion

_____

[1] See D/E 560 at p.1.

to exclude the defendants' expert report (docket entry 465).  Also before the Court are objections by both the plaintiffs (docket entry 561) and the defendants (docket entry 559) to a report and recommendation by the magistrate judge (docket entry 555) granting in part and denying in part defendants' motion for summary judgment on good faith defenses and lack of willfulness (docket entry 436).  Finally, there are objections both by plaintiffs (docket entry 562) and by defendants (docket entry 560) to the magistrate judge's report and recommendation (docket entry 556) denying plaintiffs' motion for partial summary judgment on liability (docket entry 432) and granting in part and denying in part defendants' motion for summary judgment on the merits (docket entry 434).

The Court has reviewed the order, the reports and recommendations, the various objections, the relevant transcripts on the record, and all briefs and submissions by the parties, and is now ready to rule.  For the reasons set forth below, the Court affirms the magistrate judge's order granting plaintiff's motion to strike undisclosed witness statements and granting in part plaintiffs' motion to exclude (docket entry 530); affirms and adopts the magistrate judge's report and recommendation denying plaintiffs' motion for partial summary judgment on liability and granting in part and denying in part defendants' motion for summary judgment on the merits (docket entry 556), and affirms and adopts the magistrate judge's report and recommendation granting in part and denying in part defendants' motion for summary judgment on good faith defenses and lack of willfulness (docket entry 555).

## STANDARD OF REVIEW

An order by a magistrate judge determining any pretrial matter referred to the magistrate under 28 U.S.C.§ 636(b)(1)(A) must be reconsidered by a district court judge if the magistrate judge's order is clearly erroneous or contrary to law.  28 U.S.C.

2

§636(b)(1)(A); Fed. R. Civ. P. 72(a). Here, the defendants challenge the magistrate judge's legal conclusions, and therefore this Court reviews the Order under a de novo standard of review.

A district court's standard of review for a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(B) depends upon whether a party files objections. With respect to portions of a Report and Recommendation that no party has objected to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, Federal Rule of Civil Procedure 72(b)(3) provides that the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires the district court to consider the record that has been developed before the magistrate and to make its own determinations on the basis of the record, without in any way being bound by the magistrate judge's findings. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived," *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *Ward v. United States,* No. 98-1872, 208 F.3d 216 (6th Cir. Mar. 13, 2000) (Table, text in WESTLAW), and will not be considered by the Court.

## FACTS

The relevant facts are set forth in the Order at docket number 530 and in the reports and recommendations at docket numbers 555 and 556.[2] Briefly, the plaintiffs worked as

---

[2]   The defendants argue that the recitation of facts in the reports and recommendations largely recite the evidence offered by the plaintiffs in support of their motion for partial summary judgment and in opposition to the defendants' motion for

"mortgage loan consultants" or "mortgage bankers" in defendants' "call center" or "web center." It is undisputed that the Quicken mortgage bankers routinely worked in excess of 40 hours per week and that they were not paid overtime compensation for hours worked in excess of 40 hours per week. The defendants assert that the plaintiffs were not entitled to overtime compensation because they fell under the "administrative exemption" to the FLSA due to the nature of the mortgage banker job, which they characterize as "financial services." The plaintiffs assert that the mortgage bankers' jobs do not fall under the administrative exemption because the primary duty of the mortgage bankers involves the sale of mortgages and because the mortgage bankers' duties do not require the exercise of independent judgment and discretion.

The plaintiffs have submitted evidence that they argue evidences the "primary duty" of the mortgage bankers as sales. *See generally*, Report and Recommendation at docket number 556, pages 3-14. The evidence includes the compensation structure of the mortgage bankers, their training, and the defendants' repeated exhortation of the mortgage bankers to "sell, sell, sell." *Id.* The plaintiffs have also submitted evidence that, they

_____

summary judgment on the merits, and fail to recite in detail the voluminous record submitted by the defendants in support of their motions for summary judgment and in opposition to the plaintiffs' motion for summary judgment, which includes about 22 declarations, excerpts from some 10 depositions and various government and internal corporate documents, totaling more than 1000 pages in exhibits to their various objections, as well as the 97 page expert report of Dr. Cohen, all exhibits to that report, and Dr. Cohen's deposition. But the Court is not to list or weigh the evidence offered by the parties in determining whether to grant summary judgment, but rather to determine whether the opposing party has met its burden of coming forward with evidence showing a genuine issue of material fact as to each element of each claim or defense. Recitation of each and every piece of evidence offered by the defendants is unnecessary to determine whether the plaintiffs have met their burden of coming forward with evidence showing genuine issues of fact for trial, and would merely further add to the mountains of paper that have been filed to date in this matter. The Court assuredly has reviewed all the submissions of all parties and all relevant portions of the record and has considered all (except for those that were properly stricken) in deciding the pending motions.

argue, shows the mortgage bankers' jobs were dictated by the defendants' sophisticated computer programs, guidelines and policies and procedures, and that therefore, they did not exercise the kind of discretion and independent judgment in performing their job duties required for application of the administrative exemption. The plaintiffs have submitted evidence tending to show that the mortgage bankers were required to follow a detailed script called "The Sales Process" in every call, and that the mortgage bankers used sophisticated computer programs that, plaintiffs assert, essentially "chose" the client's mortgage. *See generally*, Exhibit 42 to Plaintiffs' Motion for Summary Judgment on Liability (docket number 432) (Plaintiffs' declarations).   The plaintiffs argue that the use of The Sales Process, along with the advanced computer programs used by the plaintiffs, essentially stripped the plaintiffs of discretion and independent judgment.

The defendants, on the other hand, argue that the evidence shows as a matter of law that the nature of the mortgage banker job meets the administrative exemption because the mortgage bankers primarily perform "financial services" duties, which are identified as exempt in 29 C.F.R. § 541.203(b).  The defendants have submitted numerous declarations setting forth facts showing that the duties of the mortgage bankers include collecting and analyzing information regarding the customer's income, asset and debts, determining which mortgage products best meet the customers's needs, advising the customer about the advantages and disadvantages of different mortgages, and marketing the various Quicken mortgage products to its clients.  *See generally* Exhibits A through H at docket number 558.  The defendants' declarations assert facts that tend to show that the Quicken computer programs and procedures do not eliminate the need for mortgage bankers to exercise discretion and independent judgment, and that the mortgage brokers choose the mortgage products to recommend to the clients, not the computer programs. *See id.*

5

## ANALYSIS

I.   Order Granting Plaintiffs' Motion to Strike Undisclosed Witness Statements and
     granting in Part Plaintiffs' Motion to Exclude Defendants' Expert Report (dkt.530)

The plaintiffs filed a motion to strike undisclosed witness statements and a motion to exclude defendants' expert reports.  These motions were referred to the magistrate judge for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  Following hearing, the magistrate judge issued an order dated September 30, 2008 granting the plaintiffs' motion to strike undisclosed witness statements and granting in part the plaintiffs' motion to exclude the defendants' expert report.   In his order, the magistrate judge struck (1) the declarations of six individuals who were not named on defendants' preliminary witness list of January 17, 2006 or otherwise disclosed in answers to interrogatories during fact discovery, and (2) 122 sworn job duties statements from current employees that were gathered as data in support of defendants' expert reports, where the employees signing the statements were not identified in defendants' original or supplemental responses to interrogatories and where the statements were not produced in response to plaintiffs' request for "[a]ll statements of witnesses or potential witnesses or persons interviewed in connection with this case . . ."  The magistrate judge also found that the expert opinion outlined in the expert report of Dr. Malcolm S. Cohen (1) constituted a legal conclusion on the ultimate issue in the case that was properly to be decided by the Court and/or the jury and (2) did not sufficiently assist the trier of fact to understand the evidence or determine the ultimate fact in issue, and therefore issued an order limiting the use of the expert report for purposes of the pending summary judgment motions and future trial.

The defendants have filed objections to the September 30, 2008 order granting plaintiffs' motion to strike and granting in part plaintiffs' motion to exclude defendants' expert report, arguing that the magistrate judge erred in granting both motions.  The Court

has reviewed the briefs and the relevant record and holds that the magistrate judge did not err in granting the motions and will therefore overrule defendants' objections.

### A. Defendants' Objections to Order Granting Plaintiffs' Motion to Strike

Defendants make several objections to the portion of the magistrate's order striking the 122 sworn job duties and six declarations.  They argue that by treating the 122 statements as "run of the mill declarations" the magistrate judge overlooked the important statistical function that these statements, which were generated at Dr. Cohen's request and with his extensive involvement, fulfilled in Dr. Cohen's occupational analysis of the mortgage brokers.  They argue that the order fails to cite any applicable legal authority in finding that the statements should have been produced during fact discovery.  They argue that the magistrate judge considered and credited plaintiffs' vague declarations with no mention of defendants more specific declarations and that his order imposed an unduly harsh penalty on the plaintiffs where a much more appropriate and less draconian remedy was available.

The Court finds these objections to be without merit.  Rule 37(c)(1) of the Federal Rules of Civil Procedure permits the Court to exclude evidence that a party was required to disclose under Rule 26(a) or (e), unless the party was substantially justified in failing to disclose the evidence or the failure was harmless.  The magistrate judge's conclusion that the 122 sworn job statement were fact discovery, and therefore should have been disclosed prior to the deadline for fact discovery, was not clearly erroneous or contrary to law.  As to the magistrate judge's exclusion of the six declarants that were not identified prior to the close of fact discovery, the Court is not persuaded by defendants' argument that the six declarants were known to the plaintiffs because they were included on the class notice list which included approximately 3100 current and former loan consultants.  The

Court is also persuaded that the magistrate judge correctly held that the fact that the plaintiffs had not deposed any mortgage bankers prior to the close of discovery was not sufficient to show a complete lack of prejudice to the plaintiff from the failure to disclose the six declarants prior to the close of fact discovery.   In sum, the Court finds that the magistrate judge properly applied Rule 37(c)(1) of the Federal Rules of Civil Procedure in granting plaintiffs' motion to strike.

B. Defendants' Objections to Order Granting In Part
   Plaintiffs' Motion to Exclude Defendants' Expert Report

As to the portion of the Order limiting the use of some of the testimony of defendants' expert Malcolm S. Cohen, Ph.D., on the grounds that his opinion contained impermissible legal conclusions and would not assist the trier of fact, the defendants object that the magistrate judge's ruling is contrary to law and that it was based on a mistaken and unduly narrow view of the permissible scope of expert testimony under the Federal Rules of Evidence.   The defendants also object that the basis on which the magistrate granted the motion, i.e., that Dr. Cohen's opinion would not assist the trier of fact and impermissibly opined on the ultimate legal issue, was not argued by the plaintiffs in their opening brief and was therefore waived.

The Court finds these objections to be without merit.   First, defendants' objection that the precise grounds for excluding Dr. Cohen's opinion was not raised by the plaintiffs until their reply, and the syllogism used by the magistrate judge to explain his reasoning was not discussed until the hearing, and therefore it is fundamentally unfair to exclude the opinion, is not well taken.   The Sixth Circuit has held that a Court may *sua sponte* exclude evidence that does not comport with evidentiary rules or is otherwise improper.   *HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1034 (6th Cir. 2003); *see also Dugan v. R.J. Corman R. Co.*, 344 F.3d 662, 670 (7th Cir. 2003) ("even in an adversarial system the

8

judge is not merely an umpire" and has duty to secure the basic accuracy of the litigation process).   It follows that it is not error for a Court to exclude evidence based on arguments raised in a reply brief, or even those raised by the Court in a hearing on the matter, if the Court is persuaded that the proffered evidence is improper.   The objection is therefore overruled.

Defendants' second objection to the order limiting the use of Dr. Cohen's testimony is that the magistrate judge's ruling is based on a mistaken and unduly narrow view of the permissible scope of expert testimony under the Federal Rules of Evidence.   The defendants argue that the magistrate judge erred in holding that Dr. Cohen's testimony was an inadmissible legal conclusion.   The defendants point to Federal Evidence Rule 704(a) which states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the jury."   The defendants also argue that the magistrate erred in excluding the evidence as not assisting the trier of fact because, they argue, expert testimony is admissible "so long as it even marginally advances the jury's understanding of the facts by providing additional context or otherwise, and any doubts must be resolved in favor of admissibility."   Reply at 3.

The Court has reviewed the record and the authorities cited by the defendants in this regard and finds that the magistrate judge correctly applied the law in excluding testimony of Dr. Cohen.   The magistrate judge correctly concluded that, insofar as Dr. Cohen would testify that the job functions of mortgage brokers was the same or similar as those of loan officers classified in the Standard Occupational Classification ("SOC") who have "financial services [as] the principle component" of their occupation, and the same or similar as those classified in the Department of Labor's Occupational Informational Network ("O*NET") "who spend the majority of their time engaged in work activities such as 'making decisions and

solving problems,' 'processing information,' 'analyzing data or information,' 'performing for or working directly with the public,' 'providing customer service,' and 'getting information' in contrast to lesser functions of 'selling or influencing others,'" this conclusion was properly excluded as a legal conclusion on the ultimate issue of the case that is properly to be decided by the court and/or jury.  The magistrate judge properly excluded the opinion under Fed. R. Evid. 702 because "[e]xpert testimony is not admissible if it does no more than tell the finder of fact what conclusions to reach." Weinstein's Federal Evidence, § 702.03.

The magistrate judge also correctly excluded the Cohen Report on the grounds that it is based largely on evidence that could be reviewed and understood by the trier of fact, including review of company documents describing mortgage banker duties, review of emails of plaintiffs and company managers, analysis of DOL pronouncements regarding mortgage bankers, review of the standard job characteristics of mortgage bankers set forth in the O*NET and SOC systems; a review of depositions of plaintiffs and representatives of Quicken Loans, and a study of the expert reports regarding damages proffered by the plaintiffs.  There were two extra sources for Dr. Cohen's report: the 122 sworn job duties statements, which, as discussed above were correctly stricken by the magistrate judge, and six on-site interviews and six observations of demonstrations of the technology used by mortgage bankers.  The magistrate judge correctly concluded that these six interviews and six observations constituted just a small part of the study and therefore did not make the report helpful to the trier of fact.  The magistrate judge found that Dr. Cohen could properly describe his observations and possibly the interviews at trial without invading the province of the Court but could not testify to any conclusions about the primary duties of the mortgage bankers without invading the province of the Court.  This Court finds that the

magistrate judge was correct in so holding and will therefore overrule the objections and affirm the order granting in part plaintiffs' motion to exclude.

II.   Report and Recommendation Denying Plaintiffs' Motion for Partial
      Summary Judgment on Liability and Granting In Part and Denying In Part
      Defendants' Motion For Summary Judgment on the Merits (Docket Entry 556)

The plaintiffs and the defendants have each moved for summary judgment on liability, and each of these motions were referred to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  In his report and recommendation on these motions, the magistrate judge recommended that plaintiffs' motion for summary judgment be denied and that defendants' motion for summary judgment be granted in part and denied in part.  The report and recommendation correctly noted that, under the FLSA and interpretive regulations, overtime requirements do not apply to "any employee employed in a *bona fide* ... administrative ... capacity,"  29 U.S.C. § 213(a)(1) and that "[a]n employee qualifies for this exemption if (a) s/he meets the salary basis test and minimum compensation; (b) his/her "primary duty" is the performance of office or non-manual work directly related to management policies or general business operations of the employer or the employer's customers; and ([c]) such primary duty includes work requiring the exercise of discretion and independent judgment. See 29 C.F.R. § 541.200."   Report and Recommendation at Docket entry 556 ("Merits R&R"), p. 23.

The magistrate judge found that the mortgage banker jobs at issue met, as a matter of law, the first prong of the administrative exemption, the salary basis test and minimum compensation, and recommended that summary judgment be granted defendants as to this element.  As for the second prong, which requires that the "primary duty" of the employees is to perform non-manual work directly related to management policies or general business operations of the employer or its customers, the magistrate judge recommended that

11

summary judgment be denied to both the plaintiffs and the defendants because genuine issues of material fact remain as to the nature and extent of the particular duties and responsibilities of the mortgage bankers.  Merits R&R at 42-43.  As for the third prong, the "discretion and independent judgment" test, the magistrate judge concluded that the facts in the record are in conflict and genuine issues of material fact remained as to whether the mortgage bankers' work required the exercise of discretion and independent judgment within the meaning of the statute and the regulations, and therefore recommended that summary judgment be denied to both parties on this element as well.  The plaintiffs and the defendants have both objected to the Merits R&R on various grounds that will be discussed below.

    A.  <u>Summary Judgment Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).  The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36.  The

moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. "The mere existence of a scintilla of evidence

in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir.1995).

B.  Plaintiffs' Objections to the Merits R&R

The plaintiffs have objected to the failure of the Merits R&R to recommend summary judgment in plaintiffs' favor on both the second prong and the third prong of the administrative exemption test.  The plaintiffs argue that summary judgment should have been entered in their favor because the defendants have the burden of establishing each element of the administrative exemption and because the evidence in the record overwhelmingly established both the "sales" nature of the mortgage bankers' job and the lack of independent judgment and discretion required by the job.

The plaintiff's objections fail to persuade the Court that the summary judgment should be granted.  The plaintiffs argue that they have produced voluminous documentary evidence showing that the primary duty of the mortgage bankers was "sales" and that all defendants have to counter the volume of plaintiffs' evidence that the primary duty of the mortgage bankers is sales are documents crafted with litigation in mind and "a small handful of statements from former and current mortgage bankers that even the Defendants admit are 'cheerleader' declarations."  Plaintiffs' Objections at 14.  The role of the Court in determining whether to grant summary judgment, however, is not to weigh the evidence or determine credibility but rather to determine if there are factual issues for trial.  The magistrate judge correctly applied this standard to the evidence before him and correctly found that material issues of fact preclude granting summary judgment to plaintiffs. Plaintiffs' objections to the Merits R&R are therefore overruled.

C.  Defendant's Objections to the Merits R&R

The defendants have objected to the failure of the magistrate judge to recommend

summary judgment in their favor because, they argue, the undisputed evidence shows both

that the Quicken Loans mortgage bankers' primary duty was financial services, not sales,

and that their duties require the exercise of discretion and independent judgment.  They

also object to the failure of the magistrate judge to grant sufficient deference to an opinion

letter by the Administrator of the Wage and Hour Division of the Department of Labor that

opined that mortgage loan officers with similar duties to those of the Quicken Loans

mortgage bankers qualified for the administrative exemption to the FLSA.  As discussed

below, the Court has reviewed the submissions of the parties and the relevant portions of

the record and agrees with the magistrate judge that genuine issues of material fact

preclude granting summary judgment to the defendants, and the Court will therefore

overrule the defendants' objections.

*1.  Was the mortgage bankers' primary duty sales or financial services?*

Defendants argue that the undisputed evidence shows that the Quicken Loans

mortgage bankers primarily perform financial services duties set forth in 29 C.F.R. §

541.203(b).[3]  They point to declarations and affidavits in the record in which Quicken

employees testify to the nature of the mortgage banker duties, which documents generally

track the language of 29 C.F.R. § 541.203(b).  Defendants point to evidence showing that

---

[3] The regulation provides:
(b) Employees in the financial services industry generally meet the duties requirements
for the administrative exemption if their duties include work such as collecting and
analyzing information regarding the customer's income, assets, investments or debts;
determining which financial products best meet the customer's needs and financial
circumstances; advising the customer regarding the advantages and disadvantages of
different financial products; and marketing, servicing or promoting the employer's financial
products. However, an employee whose primary duty is selling financial products does
not qualify for the administrative exemption. 29 C.F.R. § 541.203

the mortgage bankers spent only 24% of their claimed working time making and receiving telephone calls at work, and point out that, under 29 C.F.R. § 541.700(b), employees who spend more than 50% of their time performing exempt work will generally satisfy the primary duty requirement.  They argue that the evidence in the record demonstrates that the sales activity engaged in by the mortgage bankers is secondary to performing complex financial services necessary to a client's decision to enter into a mortgage.  The defendants also argue that the Merits R&R ignored facts in the record showing that federal government agencies do not classify mortgage bankers (in general) as sales occupations.[4]

These objections to the Merits R&R are not supported by the law or in the facts in the record.  While the defendants are correct that there is evidence in the record supporting their argument that the "primary duty" of the mortgage brokers was financial services, there is also evidence in the record from which a jury could conclude that the primary duty of the mortgage bankers was selling financial products.[5]  The occupational classifications that different agencies of the federal government apply to various jobs are not binding on this Court, and the fact that the federal government does not identify "loan officers" as a sales occupation in the Standard Occupational Classification System ("SOC"), and the Occupational Information Network ("O*NET") does not list "selling" or "persuading customers" as a "core" or "supplemental" task of loan officers, does not require summary judgment for defendants.  All these arguments go to the weight of the evidence, and the

_____

[4] Defendants also argue that the magistrate judge erred in making a legal distinction between the period preceding the revisions of the regulations in 2004 and the regulations after they were revised.  *See* Defendants Objections (docket entry 560), p. 14.  The Court finds this objection without merit because the Merits R&R, while stating the language of the regulation before and after revision, explicitly states that the revision did *not* change the standard, and refused to grant summary judgment for defendant under either version.

[5] "[A]n employee whose primary duty is selling financial products does not qualify for the administrative exemption."  29 C.F.R. § 541.203(b)

Court is not charged with determining the weight of the evidence on a summary judgment motion.

Finally, the defendants challenge the failure of the magistrate judge to defer to the September 2006 opinion letter of the Administrator of the Wage and Hour Division, which concluded that certain mortgage loan officers were exempt under the administrative exemption. The defendants cite *Fazekas v. The Cleveland Clinic Found. Heath Care Ventures, Inc.*, 204 F.3d 673, 678 (6th Cir. 2000) in support of their argument that the Court is required to grant *Chevron* deference to the September 2006 opinion letter and also grant summary judgment on that basis.

The defendants misread the *Fazekas* opinion. The Sixth Circuit in *Fazekas* merely held that between an interpretation set forth in a 1992 written opinion of the Acting Administrator of the Wage and Hour Division and an interpretation set forth in a 1994 internal memorandum, the 1992 written opinion was the "controlling interpretation" of the Secretary, because it was in writing and signed by the (acting) administrator. *Fazekas*, 204 F.3d at 678. The court then went on to apply *Skidmore* deference, under which an opinion of the Administrator of the Wage and Hour has persuasive value if well considered and well reasoned. *Fazekas*, 204 F.3d at 677-78 (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).[6] Thus, the magistrate judge correctly concluded that the September 2006 opinion

---

[6] To the extent that the *Auer* and *Fazekas* opinions can be read to require *Chevron* deference to an opinion letter by the Administrator of the Wage and Hour Division applying its regulation to the facts of a hypothetical submitted by the employer, the Court submits that they have been overruled by the subsequent Supreme Court opinion of *Christensen v. Harris County*, 529 U.S. 576 (2000), in which the Court held that "[i]nterpretations such as those contained in opinion letters - like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law - do not warrant *Chevron*-style deference." *Christensen*, 529 U.S. at 586. The *Christensen* opinion was issued three months after *Fazekas*.

letter is only entitled to deference commensurate with its power to persuade, akin to that which might be accorded to a district court opinion in a different jurisdiction.

The defendants argue that the magistrate judge failed to grant the DOL opinion letter any deference at all. This is incorrect. The magistrate judge found that even if one were to grant deference to the *legal opinion* contained in the September 2006 letter, there were still material issues of fact precluding summary judgment on whether the Quicken mortgage bankers job duties were factually identical to the loan officers referenced in the opinion letter, and therefore, even if deference were granted, material issues of fact precluded summary judgment. The defendants argue that "federal judges in Sixth Circuit courts (and elsewhere) regularly grant summary judgment for defendants in FLSA exempt status cases based on the regulations ***and*** DOL opinion letters." Defendants' Objections to Merits R&R at 17 (emphasis original). Defendants are correct, but that is only where there are no material factual issues. *Cf. Schaefer v. Ind. Michigan Power Co.*, 358 F.3d 394 (6th Cir. 2004) (denying summary judgment where there were genuine factual issues concerning whether the employee actually exercised discretion). Here, there are factual disputes as to the nature of the mortgage bankers duties and whether the job matched the hypothetical duties in the September 2006 opinion letter. On this record, the magistrate judge correctly denied summary judgment to the defendants.[7]

---

[7] Defendants argue that the correct standard in the Sixth Circuit for determining whether an employee exercises discretion and independent judgment is articulated in *Renfro v. Ind. - Mich. Power Co.*, 497 F.3d 573 (6th Cir. 2007) ("*Renfro II*"). The Court has reviewed *Renfro II* and concludes that it is not inconsistent with the magistrate judge's report and recommendation.

### 2. Did the mortgage bankers job involve the exercise of discretion and independent judgment with respect to matters of significance?

The third factor of the administrative employee exemption is that the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3). "[T]he exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered" and "'matters of significance' refers to the level of importance or consequence of the work performed." 29 C.F.R. § 541.202(a). The question of whether a job requires exercise of discretion and independent judgment is to be evaluated "in light of all the facts involved in the particular employment situation in which the question arises." 29 C.F.R. § 541.202(b). The Merits R&R concluded that there were genuine issues of material fact as to whether the mortgage banker's job met this factor of the administrative exemption.

The Court agrees. If the finder of fact credits the defendants' version of the realities of the mortgage bankers jobs at Quicken during the relevant time period, it could conclude that the mortgage bankers had exercised discretion in performing their job. *See, e.g,.* Farner decl., Exhibit A to Defendants' Objections to Merits R&R, ¶ 49 ("reference tools, such as the matrices and LOLA, do not select the appropriate mortgage loan product and finance option that meets the client's individual needs."); ¶ 53 ("Mortgage bankers are expected, and are trained, to analyze . . . risk factors, and then to determine, in their own best judgment, the best course of action."); Mazey decl., Exhibit B to Defendants' Objections to Merits R&R, ¶ 7 ("the analysis undertaken by mortgage bankers is complex."); Nelson decl., Exhibit D to Defendants' Objections to Merits R&R, ¶ 10(e) ("It's at the Mortgage Banker's discretion which mortgage loan program to recommend to a client based on that client's unique financial situation and objectives.").

On the other hand, if the finder of fact credits the plaintiffs' version of the realities of the mortgage banker jobs at Quicken during the relevant time period, the finder of fact could conclude that the mortgage bankers lacked any discretion in performing the job because the matrix and various computer programs essentially dictated the product that the client was to be offered. *See, e.g.*, Ansari dep., Exhibit N to Defendants' Objections to Merits R&R at 59 ("The most important factors on the template you do not change because they are fixed.  You cannot change the score of the client, you cannot change their income, you cannot change their loan to value, their house price, it's fixed, therefore, you're only going to offer products that the template gave you.");  McLean dep., Exhibit O to Defendants' Objections to Merits R&R at 35 ("The system would tell us what loans they qualified for so if they didn't qualify, then they didn't qualify. "); *See generally*, Exhibit 42 to Plaintiff's Motion for Summary Judgment on Liability (Docket number 432)  (Plaintiffs' declarations).  While the defendants have put substantial evidence in the record showing that the mortgage bankers received training and were licensed in various states, the trier of fact could conclude based upon the plaintiffs' evidence that the mortgage bankers did not use this training to actually evaluate the suitability of clients for various mortgage products, but rather that task was done by the computers and the matrix, leaving no room for the exercise of discretion by individual mortgage bankers.  The admissible evidence on this point is in conflict.  The Court therefore concludes that summary judgment is not appropriate on the discretion prong of the test.

III.   Report and Recommendation Granting in Part and Denying in Part Defendants'
Motion For Summary Judgment on Good Faith Defenses and Lack of Willfulness

Defendants have also moved for partial summary judgment on the issue of whether

the defendants were entitled to assert the good faith defenses provided by Sections 10 and

11 of the Portal to Portal Act and whether they were entitled to the two-year statute of

limitations contained in 29 U.S.C. § 255.  Defendants argued that the undisputed facts

show that (1) the defendants relied in good faith on the September 2006 Department of

Labor opinion letter which opined that mortgage bankers with duties similar to the Quicken

mortgage bankers were exempt under the FLSA, and therefore, under Section 10 of the

Portal to Portal Act, plaintiffs cannot recover for claims arising after September 8, 2006; (2)

the defendants did not willfully violate the FLSA in determining that the mortgage bankers

were exempt, and therefore the defendants are entitled to assert the two-year statute of

limitations contained in 29 U.S.C. § 255, rather than the three-year statute of limitations that

applies in the case of willful violations; and (3) defendants acted in good faith and with

reasonable grounds and therefore the Court should deny liquidated damages under Section

11 of the Portal to Portal Act.

The magistrate judge issued a report and recommendation on defendants' motion on

July 16, 2009 (the "Good Faith R&R") in which he recommended granting in part and

denying in part defendants' motion for summary judgment.  Specifically, the magistrate

judge recommended that the Court (1) grant partial summary judgment on the first issue

and find that once the Administrator issued his September 8, 2006 Opinion Letter, the

defendants relied on it in good faith and thus face no liability on or after that date; (2) grant

partial summary judgment that, during the limitations period of this suit, the plaintiffs cannot

prove a willful or reckless violation of the FLSA and that, thus, the two-year limitations

period applies; and (3) as to the liquidated damages issue, because liquidated damages

becomes an issue only if the jury first determines liability, because the material facts are in dispute, and because the statute vests the Court with discretion to award liquidated damages even if the defendants show good faith, the Court should defer ruling on whether to award liquidated damages until after the trial and should deny the defendants' motion without prejudice.  Both parties have objected to the Good Faith R&R.  The plaintiffs have objected to the magistrate judge's recommendation that the Court grant summary judgment on the first two issues, and the defendants have objected to the magistrate judge's recommendation that the Court deny summary judgment on liquidated damages.

The plaintiffs argue that the magistrate judge improperly made a credibility determination, weighed the evidence, and drew inferences from it in defendants' favor to conclude that the defendants were not willful when they ignored the sales nature of the mortgage bankers' job and denied them overtime pay.   They argue specifically that based on the overwhelming evidence in the record of the true sales nature of the mortgage bankers' jobs, a reasonable jury could conclude that the defendants' conduct in treating them as exempt was willful, and their purported reliance on the September 2006 Opinion Letter was not in good faith.

> A. Plaintiffs' Objections to Magistrate Judge's Recommendation that the Court Grant Summary Judgment to Defendants on Section 10 of the Portal to Portal Act and Good Faith Reliance on September  2006 Opinion Letter

The Portal to Portal Act creates an affirmative defense in FLSA actions to an employer who pleads and proves that "the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation of"  the Administrator of the Wage and Hour Division.  29 U.S.C. § 259.   On  September 8, 2006, the Administrator of the Wage and Hour Division issued an opinion letter in response to a request by the Mortgage Bankers Association ("MBA")

22

(the "September 2006 Opinion Letter").  In that letter, the Administrator was asked for an

opinion as to whether mortgage loan officers whose job duties were as follows fell under

the administrative exemption of the FLSA:

> You describe the primary duties of the mortgage loan officers as follows.  Mortgage
> loan officers work with the employer's customers to assist them in identifying and
> securing a mortgage loan that is appropriate for their individual financial
> circumstances and is designed to help them achieve their financial goals, including
> home ownership.  Mortgage loan officers respond to and follow up on customer
> inquiries (sometimes referred to as "leads") that come from several sources. The loan
> officer will collect and analyze the customer's financial information and assess the
> customer's financial circumstances to determine whether the customer and the
> property qualify for a particular loan.  This involves inquiring into the customer's
> income, assets, investments, debt, credit history, prior bankruptcies, judgments, and
> liens, as well as characteristics of the property and similar information.  The loan
> officer will also advise the customer about the risks and benefits of the loan
> alternatives, including the options and variables involved.  Many mortgage banking
> companies offer multiple mortgage products, resulting in hundreds of loans to choose
> from, requiring specific analysis, evaluation, and advice from the loan officers.  Loan
> officers must also stay up-to-date on changes in market conditions.
>
> Additionally, some loan officers use technological tools to help them serve their
> customer's needs.  For example, loan officers may use computer software to assist
> in the underwriting process by helping to evaluate whether the customer qualifies for
> the loan.    These products assist the loan officer in communicating a loan
> prequalification, loan pre-approval, or qualified loan approval.  You emphasize,
> however, that these tools do not substitute for the discretion and judgment required
> of the loan officer, and the loan officer is responsible for recommending the best
> products for the customer.

September 8, 2006 Opinion Letter, p. 1-2 (Docket number 436, Exhibit A).   The

hypothetical mortgage loan officers also had sales as a component of their duties, but less

than 50% of their working time was spent on "customer-specific persuasive sales activity."

*Id.*, p. 2.

The September 2006 Opinion Letter concluded that  mortgage loan officers would

satisfy the administrative exemption of 29 U.S.C. § 213(a)(1).  The letter concluded that,

based on the description provided, the mortgage loan officers' primary duty would not be

sales and that they also exercised sufficient discretion and independent judgment to qualify

under 29 C.F.R. § 541.200(a).  The Administrator noted, however, that if "based on all the facts in a particular case, a mortgage loan officer's primary duty is selling mortgage loans, the mortgage loan officer will not qualify for the administrative exemption."  September 2006 Opinion Letter, p. 5, n.3.

The magistrate judge recommended in the Good Faith R&R that the Court find that the facts in the record showed that the defendants acted in good faith reliance on this opinion as required by 29 U.S.C. § 259 and therefore recommended that grant partial summary judgment to the defendants as to any claim arising after September 8, 2006.

Plaintiffs argue that the magistrate judge erred in recommending that the Court grant summary judgment because, they assert, there are genuine issues of material fact as to whether the job duties of the mortgage bankers was "in conformity with" the September 2006 Opinion Letter and whether the defendants relied in "good faith" on the September 2006 Opinion Letter.  Plaintiffs point to evidence in the record showing that the actual job duties of the mortgage bankers had a significant sales component, which was not discussed in the September 2006 Opinion Letter, and they argue that the defendants therefore were not acting in conformity with the September 2006 Opinion Letter in treating the mortgage bankers as exempt from the overtime requirements of the FLSA.  The plaintiffs also argue that the magistrate judge inappropriately made credibility determinations in concluding as a matter of law that David Carroll, the person at Quicken responsible for determining the applicability of the FLSA, relied on the September 2006 Opinion Letter in good faith.

The Court finds that the plaintiffs' objections to this portion of the Good Faith R&R are without merit.  In *Marshall v. Baptist Hosp.*, 668 F.2d 234 (6th Cir. 1981), the Sixth Circuit examined the burden of proof required for an employer to assert the good faith defense

24

provided by the Portal to Portal Act.  The *Marshall* court stated that in view of the language and the legislative history of the Portal to Portal Act, "courts should be hesitant to impose retroactive minimum wage liability on employers in the face of an administrative interpretation which the employer could plausibly interpret as insulating him from liability," and that "in close cases we should consider the expectations of the parties and the reasonableness of the employer's actions in light of the administrative interpretation in question."  *Marshall*, 668 F.2d at 238.  The Court agrees with the magistrate judge's determination that here, the undisputed facts in the record show that as a matter of law the defendants were aware of and relied upon the September 2006 Opinion Letter, the job tasks of the Quicken mortgage bankers were sufficiently similar to those outlined in the opinion letter to make reliance on that letter plausible, and there is no evidence in the record to rebut the evidence submitted by the defendants that they objectively and subjectively relied in good faith on the opinion letter.

The Court notes that the defendants have submitted the declaration of David Carroll, Quicken's Vice President of Administration.  Carroll testified that he considered and in good faith relied upon on the September 2006 Opinion Letter in determining that the mortgage bankers met the requirements of the FLSA's administrative exemption. Carroll Decl., ¶¶ 22-23, Exhibit E, Defendants' Motion For Summary Judgment on Good Faith.  This part of the declaration is the only direct evidence of the good faith (or bad faith) of the defendants in the record relating to Quicken's reliance on the September 2006 Opinion Letter.

The plaintiffs' main argument in opposition seems to be that they can use the evidence in the record that demonstrates the "sales" nature of the mortgage bankers' job as circumstantial evidence to rebut David Carroll's testimony that he considered the September 2006 Opinion Letter and that he in good faith concluded that the mortgage

bankers' jobs conformed with the letter -- and that he therefore relied on the letter to continue to treat the mortgage bankers as exempt from the FLSA overtime requirements. As discussed above in the section of this order dealing with the Merits R&R, the magistrate judge concluded, and the Court thinks appropriately so, that there are genuine issues of fact as to whether the administrative exemption applies on the facts of this case. Given that finding, the defendants could as a matter of law "plausibly" rely on the September 2006 Opinion Letter stating that the administrative exemption applied to loan officers that performed similar tasks to the Quicken mortgage bankers whose jobs are at issue here. The plaintiffs have failed to come forward with any affirmative evidence of bad faith to controvert the defendants' evidence of good faith. In light of this, the Court finds that the plaintiffs have failed to carry their burden under Rule 56 of coming forward with specific facts showing a genuine issue for trial on the defendants' affirmative defense that they acted in reliance on and in good faith conformity with the September 2006 Opinion Letter. The Court therefore overrules plaintiff's objections as to this portion of the Good Faith R&R and grants summary judgment to the defendants on the issue.

> B. Plaintiffs' Objections to Magistrate Judge's Recommendation
> that the Court Grant Summary Judgment to Defendants that
> the Violations were not willful or reckless and therefore
> the Two-Year Limitations Period in 29 U.S.C. §255(a) applies

The plaintiffs have also objected to the portion of the Good Faith R&R in which the magistrate judge recommends that the Court find that Quicken's decision to treat the mortgage bankers as exempt was not willful or reckless and that therefore the two-year statute of limitations applies. The Court has reviewed the plaintiffs' objection and the facts in the record and finds that the objections are without merit.

The general statute of limitations in FLSA actions is two years. The statute provides, however, that the limitations period is extended to three years when "the cause of action

aris[es] out of a willful violation." 29 U.S.C. § 255(a).   The burden is on the plaintiffs to prove that the defendants either knew or showed reckless disregard for whether they were violating the FLSA by failing to pay the mortgage bankers overtime.   *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)

In *McLaughlin*, the Supreme Court addressed the applicable burden of proof for actions asserting willful violations of the FLSA, and found that "[i]f an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful.... If an employer acts unreasonably, but not recklessly, in determining its legal obligations, then ... it should not be ... considered [willful.]" *See Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003) (quoting *McLaughlin*, 486 U.S. at 135, n.13).   The Court found that Congress, in creating the two separate limitations periods, had "intended to draw a significant distinction between ordinary violations and willful violations." *McLaughlin*, 486 U.S. at 132.   Given this precedent, the Court holds that the magistrate judge was correct in finding that the evidence in the record does not, as a matter of law, support a finding of "willful conduct" and that summary judgment is appropriate here.   The evidence establishes that Quicken's attorney reviewed the law, reviewed the mortgage bankers duties, consulted with legal counsel, and only afterwards concluded that the mortgage bankers could be classified as exempt from the FLSA overtime requirements.   Based on this testimony, and the lack of affirmative evidence of bad faith or willfulness, the Court finds the plaintiffs have failed to carry their burden and therefore the Court finds that the ordinary two-year statute of limitations applies to the conduct alleged in this actions, rather than the three-year statute of limitations that applies in the case of willful or reckless conduct.

Plaintiffs rely primarily on the defendants' knowledge of opinion letters issued by lower level department of labor officials in 1999 and 2001, in which the DOL opined that mortgage

27

loan officers did not qualify for exempt status under the FLSA, and of *Casas v. Conseco Finance Corp.*, 2002 WL 507059 (D. Minn. 2002). The *Canas* opinion was an opinion of the federal district court in Minnesota that granted summary judgment to the plaintiffs on FLSA liability for mortgage loan officers whose jobs were substantially  similar to those of the Quicken mortgage bankers at issue here. The 1999 opinion letter stated that the hypothetical loan officers would not qualify for the exemption because they were engaged in carrying out the employer's day to day activities rather than determining the overall course and policies of the business and that the position did not appear to require the exercise of discretion and independent judgment. The 2001 opinion letter, issued in response to a request for reconsideration of the May 17, 1999 opinion, modified the earlier opinion letter to the extent that the latter concluded that the hypothetical loan officers' primary duty was the performance of work directly related to the management policies or general business operations of the employer or the employer's customers, rather than sales, but still maintained that the loan officers did not exercise discretion and independent judgment and were therefore not exempt. The plaintiffs argue that in light of these facts, and in light of the magistrate judge's recommendation that this Court deny summary judgment to defendants on liability -- which implicitly recognizes that a reasonable jury could find the defendants violated the FLSA -- and that material factual issues precluded the Court granting summary judgment on the two-year statute of limitations.

The Court finds the plaintiffs' objections here to be without merit. The *Canas* opinion was a trial court opinion in another circuit, and the 1999 and 2001 opinion letters were issued by lower level officials in the Wage and Hour Division and were in some respects distinguishable. Given the heavy burden set by the *McLaughlin* court to show willfulness, the magistrate judge did not err in finding that no reasonable jury could find the

28

defendants's actions willful or reckless for purposes of 29 U.S.C. § 255(a).  The Court therefore overrules plaintiffs' objections to this portion of the Good Faith R&R and grants partial summary judgment in accord with its findings.

C.  Defendants' Objections to the Recommendation of the Magistrate Judge that the Court Deny Summary Judgment to Defendants on Liquidated Damages

Finally, the defendants object to the portions of the Good Faith R&R in which the magistrate judge recommends that the Court deny summary judgment to the defendants on the issue of liquidated damages.

In addition to paying past-due overtime compensation, the FLSA generally requires an employer who has violated the act to pay an equal amount as liquidated damages.  29 U.S.C. § 216(b).  The Act provides, however, that if an employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."  29 U.S.C. §260.  The burden on the employer to avoid liquidated damages is "substantial," and if the employer fails to carry its burden of showing "to the satisfaction of the court" that he acted in good faith and with reasonable grounds, the court *must* award liquidated damages. *Martin v. Ind. Mich. Power Supply Co.*, 381 F.3d 574, 584 (6th Cir. 2004).

The defendants moved for summary judgment on all claims for liquidated damages based upon this statutory provision.  In the Good Faith R&R, the magistrate judge recommended that the Court deny defendants' motion because (1) liquidated damages becomes an issue only if the jury finds liability, (2) a reasonable jury could conclude on the evidence before the Court that the defendants may have failed to act in good faith prior to the issuance of the September 2006 Opinion Letter, and (3) the Court has the discretion

to award liquidated damages under 29 U.S.C. § 260 even if it or the jury find the defendants acted in good faith, making summary judgment particularly inappropriate.

The Court has reviewed de novo the defendants' objections to the Good Faith R&R in light of the evidence in the record and finds their objections to be without merit.  The magistrate judge was correct that there is evidence in the record from which the Court could find that the defendants did not act in good faith in applying the FLSA, at least at some point in time during the limitations period but prior to receiving the September 2006 Opinion Letter.  The magistrate judge was also correct in suggesting that the question of defendants' good faith at various points in time would more appropriately be made by the Court after a full trial on the matter, with the opportunity to evaluate the credibility of all the witnesses.   Finally, the magistrate also correctly stated that summary judgment is inappropriate here because the Court has the discretion to award liquidated damages even if the defendants carry their "substantial" burden of demonstrating that they acted in good faith and with reasonable grounds.  The defendants have cited no authority showing that the Court would abuse its discretion in granting liquidated damages on these facts.  The Court will therefore overrule defendants' objections to the portion of the Good Faith R&R recommending that the Court deny summary judgment to the defendants on their defense to liquidated damages and will adopt and affirm that portion of the Good Faith R&R.

## CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Order Granting Plaintiffs' Motion to Strike Undisclosed Witness Statements and Order Granting in Part Plaintiffs' Motion to Exclude Defendants' Expert Report (D/E 530) is hereby **AFFIRMED** and the defendants' objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Report and Recommendation Denying Plaintiffs' Motion for Partial Summary Judgment on Liability and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment on the Merits (D/E 556) is hereby **ACCEPTED** and **ADOPTED** as the opinion of this Court, the objections by the plaintiffs and the defendants are **OVERRULED,** Plaintiffs' Motion for Summary Judgment on Liability is **DENIED** and Defendants' Motion for Summary Judgment on the Merits is **GRANTED IN PART AND DENIED IN PART**; and

**IT IS FURTHER ORDERED** that the Report and Recommendation Granting in Part and Denying in Part Defendants' Motion for Summary Judgment on Good Faith Defenses and Lack of Willfulness (D/E 555) is **ACCEPTED** and **ADOPTED** as the opinion of this Court, the objections thereto by the plaintiffs and the defendants are **OVERRULED,** and Defendants' Motion for Summary Judgment on Good Faith Defenses and Lack of Willfulness is **GRANTED IN PART AND DENIED IN PART**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager