# EXHIBIT F

IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JANICE MORGAN, BARBARA RICHARDSON, CORA CANNON,** on behalf of themselves and all others similarly situated,   )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,**   )<br>) | |
| vs.   )<br>) | **CIVIL ACTION NUMBER:**<br>**CV-01-C-0303-W** |
| )<br>**FAMILY DOLLAR STORES, INC.,**   )<br>)<br>) | |
| **Defendants.**   ) | |

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S
MOTION FOR TRIAL PLAN**

Family Dollar seeks an order to allow it "to present evidence first at the February 21, 2006 retrial." *Def. Motion* at ¶5 (Doc. 510). The Company argues that it should be allowed to go first at trial if it stipulates to facts sufficient to satisfy the plaintiffs' *prima facie* case and to shift the burden of proof to the defendant. Plaintiffs agree to allow Family Dollar to present the first witnesses *if* such a stipulation is entered which is sufficient for the plaintiffs to survive a motion for direct verdict or judgment as a matter of law.

The stipulation proposed so far, however, is inadequate to protect the plaintiffs

1

from having the rug pulled out from under them at trial or on appeal based on someone second guessing the sufficiency of the stipulated evidence. Family Dollar's proposed stipulation so far addresses only the following three parts of plaintiffs' *prima facie* case: (1) that plaintiffs were (or are) employed by Family Dollar as store managers; (2) that Family Dollar engages in interstate commerce; and (3) that Family Dollar did not pay overtime for work beyond forty hours a week. Family Dollar conceded at trial that more than these three elements were needed in order to satisfy plaintiffs' *prima facie* case. Tr. Vol. 2 at 60-70 (copy attached hereto as Appendix A). For plaintiffs to forgo presenting the first live witnesses at trial, the following additional elements of their *prima facie* case would have to also be stipulated: (4) each plaintiff worked more than 40 hours for one or more weeks during the liability period; (5) plaintiffs' expert's testimony and exhibits showing the hours of work recorded by Family Dollar for each plaintiff and the amount of their backpay will be received in evidence by way of stipulation; (6) plaintiffs' exhibits, transcript excerpts and other evidence on the applicability of the three year limitations period and liquidated damages will also be received in evidence by way of stipulation, and (7) the foregoing stipulations and evidence are sufficient to preclude a directed verdict or judgment as a matter of law for all plaintiffs except those for whom the plaintiffs' expert's backpay calculations shows zero economic loss from defendant's failure to

pay overtime.

This does not mean that plaintiffs disagree with Family Dollar's contention that it bears the burden of proof on the issue of whether each plaintiff was properly classified as an exempt executive. The Eleventh Circuit has held that "[t]he burden of proving the applicability of the executive exemption is upon the defendant. The exemption is to be applied only to those **clearly and unmistakeably** within the terms and spirit of the exemption." *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 826 (11th Cir. 1988) (emphasis added). The Eleventh Circuit's pattern jury instructions confirm that the Company bears the burden of proving the factual elements of the executive exemption. To carry that burden, Family Dollar must "clearly and unmistakably" prove each factual element of the executive exception. *Walling v. General Industries Co.*, 330 U.S. 545, 547-548 (1947) ("The Regulations prescribe six conjunctive conditions to an executive capacity . . . . Respondent had the burden of proving the existence of these conditions, if it would rely on its defense that the [plaintiffs] were exempt employees.").[1] The Company also bears the burden

---

[1] *See also A. H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) ("Any exemption . . . must therefore be narrowly construed, . . . . To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process. . . ."); *Arnold v. Kanowsky, Inc.*, 361 U.S. 388, 392 (1960) ("We have held that these exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit.") [citing *Mitchell v. Kentucky*

of proof on the issue of liquidated damages. *Barcellona Tiffany English Pub, Inc.*, 597 F.2d 464, 468-469 (5th Cir. 1979).

> We understand the language of section 11 of the Portal-to-Portal Act to impose upon the employer who would escape the payment of liquidated damages **a plain and substantial burden** of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.
>
> \* \* \*
>
> We do not believe an employer may rely on ignorance alone as reasonable grounds for believing that its actions were not in violation of the Act.
>
> \* \* \*
>
> Further, we feel that good faith requires some duty to investigate potential liability under the FLSA. Even inexperienced businessmen cannot claim good faith when they blindly operate a business without making any investigation as to their responsibilities under the labor laws. Apathetic ignorance is never the basis of a reasonable belief.

---

*Finance Co.*, 359 U.S. 290, 295 (1959)]; *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 206 (1966) ("If this testimony is not fairly representative of the nature of the [exemption] under scrutiny, there is no indication of that from Idaho Sheet, upon which lies the burden of establishing the facts requisite to an exemption."); *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993) ("Employers must prove by clear and convincing evidence that an employee qualifies for exemption."); *Donovan v. United Video*, 725 F.2d 577, 581 (10th Cir. 1984) ("The employer who asserts the exemption has the burden of establishing both of these requirements by clear and affirmative evidence."); *Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1445-1446 (9th Cir. 1997) ("Exemptions to the FLSA are narrowly construed. Employers claiming an exemption have the burden of proving the allegedly exempt employees 'fit plainly and unmistakably within [the exemption's] terms."); *Legg v. Rock Products Mfg., Corp.*, 309 F.2d 172, 174 (1962) ("One asserting that an employee is exempt from the wage and hour provisions of the Act has the burden of establishing the exemption affirmatively and clearly."); *McComb v. Farmers Reservoir & Irrigation C.*, 167 F.2d 911 (1948).

*Id.* (citations omitted). Liquidated damages are automatic if the Company fails to prove good faith: "The employer's burden is heavy and difficult to meet; double damages are the norm, single damages the exception." Kearns, *The Fair Labor Standards Act*, p. 1254 (BNA); *see also Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)."(Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith. In other words, liquidated damages are mandatory absent a showing of good faith."). *International Association of Firefighters, Local 349 v. City of Rome, Ga.*, 682 F. Supp. 522, 533 (N.D. Ga. 1988) ("The Court's decision to award liquidated damages becomes discretionary only after the employer carries its burden of proving good faith; and liquidated damages are mandatory absent a showing of good faith."); *see also EEOC v. First Citizens Bank of Billings,* 758 F.2d 397, 403 (9th Cir.), *cert. denied,* 474 U.S. 902 (1985).

Thus, to allow the defendant to present the first evidence at trial, any stipulation would have to: (1) cover all of the foregoing elements, not just the three listed in defendant's current motion; and (2) agree that such factual stipulations are sufficient to preclude a directed verdict or judgment as a matter of law.

Moreover, while the plaintiffs are willing to forego presenting the first **live**

witnesses if the foregoing stipulations are entered, they are completely opposed to Family Dollar's additional proposal that it be given an additional "right to present rebuttal evidence at the close of plaintiffs' [rebuttal] case" and "to open and close first in the argument phase of trial." *Def. Motion* at ¶5 (Doc. 510). Merely because such stipulation may make it unnecessary for the plaintiffs to present the first live witnesses does not mean that the defendants' case is being presented first. Entry of such a stipulation is merely a means for the plaintiff to satisfy their *prima facie* burden via stipulated or other evidence, leaving the defense to follow *second* as in all trials. The Court has already definitively rejected defendant's request for "rebuttal" (which is really surrebuttal) at the last trial, and that ruling remains correct for the upcoming retrial.

> MR. KALLON: Judge, can I get one clarification?
> THE COURT: Yes.
> MR. KALLON: You are saying that after they present the evidence on the 40 hours issue and the expert, they rest?
> THE COURT: Yes.
> MR. KALLON: We put on our case?
> THE COURT: Yes.
> MR. KALLON: And then when we are done --
> THE COURT: They put on their rebuttal case, which is their defense to your primary duty.
> MR. MAY: And then we would have an opportunity to come back, since it's our burden to carry the exemption.
> THE COURT: I don't think so.

Tr. Vol. 2 at 69-70.

## FURTHER WITNESS LISTS

No further narrowing of witnesses is necessary because plaintiffs will not be presenting any of their own testimony at the start of the trial in light of the Court's prior rulings from the trial transcript quoted in the Appendix hereto and/or defendant's proposal for a new stipulation already discussed above. Plaintiffs cannot identify their rebuttal witnesses until they know which, if any, plaintiffs will be addressed in the defendant's case.

Plaintiffs also oppose defendant's effort to add additional layers of pretrial disclosures of witnesses and exhibits beyond those already agreed to in the Pretrial Order and in the subsequent denial of defendant's motion seeking further narrowing of witness lists. *See* Doc. nos. 452, 458, 471. The parties have already exchanged witness lists and must, by agreement, identify witnesses more specifically on the day before the witness is scheduled to appear at trial. Plaintiffs entered that agreement as a complete resolution of any claims for longer supplemental disclosure periods, such as the forty-eight hour notice that the Court denied on June 11, 2005. *See* Doc. nos. 452, 458, 471. Thirty days is even more unworkable than the 48 hour deadline for narrowed witness lists which the Court denied in the context of the latter motion.

In addition, there was nothing at trial which showed that the existing deadlines

in the Pretrial Order were unworkable or unfair. Those deadlines conform to the timetable for witness lists that the Court has successfully used for many years.

## FURTHER EXHIBIT EXCHANGE

Exhibits have already been listed and exchanged both before and during the last trial. The expense of yet another exchange should not be required. Further disclosure of demonstrative evidence to be used in opening statements should also not be required.

## TIME LIMITS

Plaintiffs believe that the 40 hour per side time limit at the first trial proved to be far more time than either party was able to use. Neither party used more than 20 hours at the first trial despite the numerous false starts referred to in the Company's current motion. The time allowed should be shorter at the second trial, particularly in light of the rulings and stipulations curtailing plaintiffs' evidence already discussed at pages 2-6 *supra*.

## DEPOSITION AND TRANSCRIPT EXCERPTS

Plaintiffs agree to exchange deposition and trial transcript excerpts 30 days before trial and rebuttal transcripts 15 days thereafter, but oppose the proposed loophole that would allow still further designations at 6:00 p.m. the day before additional excerpts are introduced. Exceptions should be handled through the normal

motion for good cause shown.

## CONCLUSION

Family Dollar should not be allowed to present the first witnesses absent a stipulation that it deems sufficient to satisfy plaintiffs' burden of proof and to preclude a directed verdict or judgment as a matter of law at trial or on appeal. In addition, the existing disclosure requirements in the Pretrial Order proved sufficient at trial, making new requirements unnecessary at this late date.

    Respectfully submitted,

    /s/Robert L. Wiggins, Jr.
    Robert L. Wiggins, Jr.
    Robert F. Childs, Jr.
    C. Michael Quinn
    Gregory O. Wiggins
    Herman N. Johnson, Jr.
    Kevin W. Jent
    Counsel for the Plaintiffs

OF COUNSEL:
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
205/314-0500

            J. Allen Schreiber
            P. Mark Petro

OF COUNSEL:
SCHREIBER & PETRO, P.C.
Attorneys at Law
Suite 250
2 Metroplex Drive
Birmingham, Alabama 35209

## CERTIFICATE OF SERVICE

  I hereby certify that on December 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Walker May
T. Matthew Miller
Abdul K. Kallon
Ronald H. Kent
Joseph B. Mays
Stacey T. Bradford
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place, 1819 5th Avenue North
Birmingham, Alabama 35203

J. Mark White
Attorney at Law
WHITE ARNOLD ANDREWS & DOWD, P.C.
Suite 600, 2025 Third Avenue North
Birmingham, Alabama 35203

            <u>/s/Robert L. Wiggins, Jr.</u>
            OF COUNSEL

# APPENDIX A

  THE COURT: I'm sorry. Is there some dispute as to whether Family Dollar has paid these plaintiffs overtime wages?

  MR. MAY: No, sir.

  THE COURT: That's what I am saying.

  MR. MAY: Okay.

  THE COURT: As I understand the three elements that the plaintiffs have to prove: First, they have to prove that they were employed by Family Dollar Stores. There's no question whether they were employed by Family Dollar Stores.

  MR. MAY: Yes, sir. There's one other element.

  THE COURT: Well, let's take mine first.

  MR. MAY: Yes, sir.

  THE COURT: All right. No question that they were employed by Family Dollar Stores. Number 2, they have to prove that at the time of their employment, Family Dollar was engaged in interstate commerce.

  MR. MAY: No dispute about that.

  THE COURT: And number 3, they have to prove that Family Dollar failed to pay them overtime pay.

  MR. MAY: If they worked over 40 hours, that's the first thing I left out. There's no proof that the collective is over 40 hours. I think there is proof in their quiver, but I haven't heard it.

  THE COURT: All right.

  MR. MAY: Not just not paying overtime.

  THE COURT: Well, but overtime only becomes applicable if they worked 40 hours or more.

  MR. MAY: Yes, sir. In a week.

  THE COURT: And are you suggesting that some of these plaintiffs didn't work 40 hours?

  MR. MAY: Well, there's certainly going to be some weeks where they didn't report it.

* * *

> THE COURT: * * * And what I am really saying is that it seems to me that in the best interest of everybody's time, the way to proceed is to require the plaintiffs to put on their case in chief, not their rebuttal evidence. Primary duty is rebuttal evidence. Allow the plaintiffs to put on their case in chief, namely, that they were employed in interstate commerce and worked over 40 hours a week, then plaintiffs put on their experts, and then get to the defendants exemption.
>
> * * *
>
> MR. KALLON: Judge, can I get one clarification?
> THE COURT: Yes.
> MR. KALLON: You are saying that after they present the evidence on the 40 hours issue and the expert, they rest?
> THE COURT: Yes.
> MR. KALLON: We put on our case?
> THE COURT: Yes.
> MR. KALLON: And then when we are done --
> THE COURT: They put on their rebuttal case, which is their defense to your primary duty.
> MR. MAY: And then we would have an opportunity to come back, since it's our burden to carry the exemption.
> THE COURT: I don't think so.

Tr. II, pp. 66-70.