# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Ronald Stillman, individually and on behalf of all other persons similarly situated,

        Plaintiff,

  -against-

Staples, Inc.,

        Defendant.

Civil Action No. 07-cv-849 (PS)

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE (NO. 3) TO ALTER THE ORDER OF PROOF**

KLAFTER OLSEN & LESSER LLP
Jeffrey A. Klafter (*pro hac vice*)
Seth R. Lesser
Fran L. Rudich
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605
Telephone: (914) 997-5656
Facsimile: (914) 997-2444

MASON LAW FIRM, L.L.P.
Gary E. Mason (*pro hac vice*)
Nicholas A. Migliaccio (*pro hac vice*)
1225 19th Street Northwest
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

BERGER & GOTTLIEB
Bradley Berger
Jeffrey Gottlieb
150 East 18th Street, Suite PHR
New York, NY 10003
Telephone: (212) 228-9795
Facsimile: (212) 982-6284

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

I. Introduction ................................................................................................................1

II. Argument....................................................................................................................1

    A. The Customary Order of Proof Should be Preserved, As Plaintiffs Have the
       Burden of Proof of Damages and Willfullness ...................................................1

III. Conclusion ................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Adams v. United States*, 350 F.3d 1216 (Fed. Cir. 2003) ...................................................2

*Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339 (8th Cir. 1996)............................1

*Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102 (D.D.C. 2007) ............................3

*Brown v. E. De Vicchis & Sons, Inc.*, 552 F.2d 545 (3d Cir. 1977) ....................................4

*Dishman v. Am. Gen. Assur. Co.,* 193 F. Supp. 2d 1119 (N.D. Iowa 2002)........................3

*Hazen Paper Co., v. Biggins*, 507 U.S. 604 (1993) .............................................................3

*Martin v. Cheesebrough-Pond's, Inc.*, 614 F.2d 498 (5th Cir. 1980).................................1

*Martin v. Selker Bros., Inc.,* 949 F.2d 1286 (3d Cir. 1991).................................................2

*McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988) ....................................................3

*Reich v. Gateway Press*, 13 F.3d 685 (3d Cir. 1994) ..........................................................2

*Silver v. New York Life Ins. Co.*, 116 F.2d 59 (7th Cir. 1940)............................................3

*Skogen v. Dow Chemical Co.*, 375 F.2d 692 (8th Cir. 1967) ..............................................1

*Trans World Airlines, Inc., v. Thurston,* 469 U.S. 111 (1985) ...........................................3

*West Implement Co., v. Deere & Co.*, 185 Fed. Appx. 363 (5th Cir. 2006) ........................3

*Wolfslayer v. IKON Office Solutions, Inc.*, 2004 U.S. Dist. LEXIS 22625
(E.D. Pa. Nov. 8, 2004)........................................................................................................2

**Statutes, Rules and Regulations**

29 U.S.C. § 255(a) ...............................................................................................................2

29 C.F.R. § 578.3(c)(3).........................................................................................................3

**I.      INTRODUCTION**

This memorandum is submitted by Plaintiff Ronald Stillman and the other Plaintiffs ("Plaintiffs") in opposition to Defendant Staples, Inc.'s ("Defendant") motion in limine (No. 3) to alter the order of proof. Defendant's motion to alter the typical order of proof is based on a faulty premise – that Plaintiffs have no burden of proof on any matter to be tried in this collective action. This is false because Plaintiffs have the burden of establishing damages and willfulness and, further, should be able to present their case in the manner they deem best. Defendant's argument wholly fails to address Plaintiff's right to present evidence on the two aspects of the case which Defendant ignores and to which Staples has not stipulated, during their case-in-chief.

**II.     ARGUMENT**

      A.     The Customary Order of Proof Should be Preserved, As Plaintiffs
            Have the Burden of Proof of Damages and Willfulness.

Although District courts have discretion to set the order of proof at trial, *Skogen v. Dow Chemical Co.*, 375 F.2d 692, 704, 706 (8th Cir. 1967), ordinarily, the court extends the privilege of opening and closing the case to the party with the burden of proof. *Martin v. Cheesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980). Where, as here, both Plaintiffs and Defendant have the burden of proof on different issues, there is no reason to upset the customary procedure of allowing Plaintiffs to present their witnesses first. *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996).

There is no question that it is Plaintiffs' burden to establish damages and Plaintiffs intend, in their case-in-chief, to present evidence of damages. As explained in Plaintiffs' Opposition to Defendant's Motion in Limine (No. 5) to Bifurcate the Issue of Damages From the Issue of Liability (Plaintiff's Bifurcation Opposition"), such evidence will include testimony from Stillman and up to 15 Opt-In Plaintiffs as to the average time they worked per week and the

1

hours they expected to work for their pay, as well as testimony from Staples witnesses as to why the average time worked by these Plaintiffs is representative of all Sales Managers. Such proof of entitlement to overtime pay and damages for all Plaintiffs, as a matter of through "just and reasonable inference" from the testimony of a representative subset of Plaintiffs, is an accepted practice in the Third Circuit in FLSA collective actions. *Reich v. Gateway Press*, 13 F.3d 685, 701-02 (3d Cir. 1994); *Martin v. Selker Bros., Inc.,* 949 F.2d 1286, 1296-98 (3d Cir. 1991).[1] Further, it would prejudicial to Plaintiffs if they are only permitted to explain the average hours they worked and not, at as a part of that testimony, also explain the nature of the work that work entailed. Accordingly, on this ground alone, Plaintiffs are entitled to present all of their testimony first.

Plaintiffs are also entitled to present evidence in his case-in-chief to establish Defendant's willful violation of the overtime pay requirements set forth in Section 255(a) of the FLSA, 29 U.S.C. § 255(a), so that all Plaintiffs may be entitled to damages for a three year statute of limitations so long as they filed consents within three years of the end of their employment by Staple.[2] *Martin v. Selker Brothers, Inc.*, 949 F.2d at 1296. It is well settled that the determination of whether a FLSA violation was willful is a question on which the plaintiff bears the burden of proof. *See e.g., Adams v. United States*, 350 F.3d 1216, 1229 (Fed. Cir. 2003); *Wolfslayer v. IKON Office Solutions, Inc.*, 2004 U.S. Dist. LEXIS 22625, at *10 (E.D. Pa. Nov. 8, 2004).

In order to prove willfulness, a plaintiff must show that an employer either knew it was violating the FLSA or showed reckless disregard for whether the conduct was prohibited by the

---

[1] Ignoring this authority, Defendant argues that Plaintiffs" Rebuttal Expert Witness, Dr. Jane Kolodinsky, testified that the Plaintiffs cannot be representative of all Staples Sales Managers. As Defendant knows well, Dr. Kolodinsky was only testifying as to the ability to draw statistical conclusions from the testimony of the Plaintiffs, not the legal significance of such testimony. *See* Plaintiff's Opposition to Defendant's Motion in Limine (No. 4) to Exclude Individual Anecdotal Evidence at Trial, at 4-5.

[2] Plaintiffs will establish willfullness through the testimony of certain Staples officers as well as further support it through the cross-examination of Staples' witnesses during Staples' case.

statute. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988); *Hazen Paper Co., v. Biggins*, 507 U.S. 604, 615 (1993); *Trans World Airlines, Inc., v. Thurston,* 469 U.S. 111, 128 (1985).[3] An employer will be deemed to have recklessly disregarded the statute if it "should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry." 29 C.F.R. § 578.3(c)(3). While Defendant initially sought to have this issue adjudicated prior to the commencement of the trial, Defendant's counsel has advised Plaintiff's counsel that it is withdrawing that motion (Defendant's in limine motion No. 1), because in the Final Joint Pretrial Order, the court directed that such a motion should be made only at the close of the evidence at trial. *See* Final Joint Pretrial Order, at 4 (Docket No. 539). Plaintiffs should not be relegated to presenting evidence of willfulness on rebuttal.[4]

The decisions on which Defendant relies have no bearing here as there is no indication any involved a trial where the burdens on significant issues to be tried rested with the plaintiff. *See West Implement Co., v. Deere & Co.*, 185 Fed. Appx. 363 (5th Cir. 2006) (holding without discussion that the Court has discretion to control the order of proof); *Silver v. New York Life Ins. Co.*, 116 F.2d 59 (7th Cir. 1940) (*all* of the elements of plaintiff's *prima facie* case had been admitted, including the plaintiff's entitlement to $10,000 in damages); *Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 106 (D.D.C. 2007) (the "plaintiffs had absolutely nothing to prove in this case."); *Dishman v. Am. Gen. Assur. Co.,* 193 F. Supp. 2d 1119, 1128 (N.D. Iowa 2002) (the defendant's affirmative defense was the only issue to be tried and there was no damage issue; if the defendant "fail[ed] to prove its affirmative defense, Mrs. Dishman [the plaintiff] is

---

[3] The burden, however, is a light one. *McLaughlin*, 486 U.S. at 135.

[4] Thus, even if the Court were to grant Defendant's bifurcation motion, Plaintiff would still be entitled to proceed first.

3

entitled to damages in the amount of the death benefits payable under the credit life insurance policies on her breach-of-contract claim.").

Notably, Defendant acknowledges that in *Brown v. E. De Vicchis & Sons, Inc.*, 552 F.2d 545 (3d Cir. 1977), the Third Circuit found reversible error when a trial judge precluded a plaintiff from presenting important evidence during his case-in-chief. As the Third Circuit stated:

> Plaintiffs' attorney was deprived of the opportunity to outline his case in his opening statement. He was deprived of the opportunity to present evidence on his theories of negligence organized in his own way in his own part of the case. Instead he was placed in the position of having to defend against the defendant's proof of sudden emergency. With deference, we do not agree that these dubious 'advantages,' to which plaintiffs at all times objected, should have been thrust upon them.

*Id.* at 548. This case is no different. Plaintiffs should not be "deprived of the opportunity to present evidence on [their] theories of [liability] organized in [their] own way in [their] own part of the case." Defendant attempts to distinguish *Brown* by arguing that the Third Circuit was only concerned with evidence preclusion; not the order of its presentation. As the Court noted, however, the trial court had determined that the plaintiff could present its evidence in rebuttal. *Id.* The Third Circuit rebuked the trial court for doing so, holding that "Certainly it was not . . . . The evidence supporting that theory was properly a part of the plaintiffs' case in chief." *Id.* at 548-549.[5] Thus, given Plaintiffs' burden of proof on (1) evidence of damages in this collective action, and (2) willfulness, as well as the fact that Plaintiffs object to being deprived of presenting their case in chief through their own words, *Brown* stands for the principle that it would be improper to relegate Plaintiffs' evidence to their rebuttal case.

---

[5] Further, although not mentioned by Defendant, the Third Circuit found reversible error in these circumstances even where the trial court had bifurcated liability and damages. *Id.* at 549.

4

### III. CONCLUSION

For the foregoing reasons, the Court should not alter the customary order of proof and deny Defendant's Motion in Limine (No. 3).

Dated: White Plains, New York
November 24, 2008

By:    /s/ Seth R. Lesser
KLAFTER OLSEN & LESSER LLP
Jeffrey A. Klafter (*pro hac vice*)
Seth R. Lesser
Fran L. Rudich
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605
Telephone: (914) 997-5656
Facsimile: (914) 997-2444

MASON LAW FIRM, L.L.P.
Gary E. Mason (*pro hac vice*)
Nicholas A. Migliaccio (*pro hac vice*)
1225 19th Street Northwest
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

BERGER & GOTTLIEB
Bradley Berger
Jeffrey Gottlieb
150 East 18th Street, Suite PHR
New York, NY 10003
Telephone: (212) 228-9795
Facsimile: (212) 982-6284

*Attorneys for Plaintiffs*