UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN C. HENRY, et al.,

     Plaintiffs,

v.

QUICKEN LOANS, INC.,

     Defendant.
                                     /

Case No. 04-cv-40346

HONORABLE STEPHEN J. MURPHY, III

**ORDER REGARDING EXHIBITS AND
PRESENTATION TIME AT TRIAL**

     In the run-up to trial, the Court issued several orders attempting to limit, and later to relax, the parties' proposed presentation of exhibits and testimony to the jury.  The Court's measures were, mostly, a reaction to disagreements between the parties about exhibits, concerns about the time estimates for trying the case given by the parties, and objections to the sheer number and volume of exhibits being proposed for use in the case.  Due to good communication with the Court during trial and the professional conduct of trial counsel, many of the problems that inspired the orders appear to have been resolved.  In the interest of clarifying the record, however, the Court issues the following order to provide a bit of history and states its understanding of the current status of the issues before the Court.

I.    Previous Orders Regarding Exhibits and Time

     In the final amended scheduling order, the Court asked the parties to keep the presentation time for their case-in-chief to within twenty hours.  Scheduling Order 5, October 5, 2010, ECF No. 601.  No objections to the limits were made for the balance of 2010 and into January, 2011.  Next, a little over a week before the final pre-trial conference

in the case, it came to the Court's attention that the parties planned to deliver an enormous volume of documents ("30-40 boxes") to the courthouse as potential exhibits.  In response, the Court issued an order on the management of exhibits, including  a limitation of 200 pages  of documentary evidence, per side, and directive to proceed by summary exhibits as much as possible.  Order Regarding Management of Exhibits for Trial, Jan. 24, 2011, ECF No. 663.  The foregoing steps were taken as a preventative measure to ensure that trial of the case would proceed in an efficient and effective manner, taking into account both the Court's limited resources and the scarce time of the men and women who would later serve on the jury.

In the joint final pre-trial order and at the pre-trial conference, Quicken objected to the combined page- and time-limits, claiming that the combination of the two would inordinately limit the presentation of their case.  Plaintiffs did not object to the limits as imposed, but nonetheless asked the Court for "flexibility" with regards to the exact time limits imposed, so as not to unfairly disadvantage either side.  The Court asked Quicken to set forth its concerns in a memorandum, and the Court remains grateful for Quicken's prompt and helpful response.

The Court then issued an order upholding its limits, but with some caveats.  Order Regarding Time Limits During Trial, Feb. 7, 2011, ECF No. 677.  First, while holding to the original, 20-hour template originally proposed in the amended scheduling order, the Court agreed with the plaintiffs that the 20-hour time limit should not be imposed in an inflexible manner, depending on the path the litigation takes.  *Id.* at 5.  The Court also allowed that insofar as defendants were rebutting the case-in-chief of the plaintiffs, time would not be considered as counting against them.  *Id.*  Finally, the Court agreed that the 200-page limit

should be enforced flexibly, so long as the document load in the case remained reasonable, and both sides could agree on the admissibility of documents.

Trial commenced on February 8, 2011, and while undue delay remains a concern of the Court, the parties have fallen into a methodical routine, continue to confer regarding exhibits, and have tried the case in an orderly manner.

II.  Time Limits and Exhibit Management During Trial

During the course of the trial, the Court's "flexibility" has swallowed its original limits. The plaintiff's case-in-chief has gone well over the original twenty-hour limit, but the additional time has not been used vexatiously, or for the purpose of causing delay. Moreover, thanks to improved cooperation between the parties regarding trial exhibits, along with agreements to lodge objections to certain exhibits in a more summary fashion, both parties have been allowed to introduce exhibits well in excess of the 200-page limit. The Court believes that all of the documents received to date meet the various standards of the Federal Rules of Evidence, and that documentary evidence has not been offered to delay or unfairly manipulate the jury's consideration of the issues to be decided. After a continuous process through the first two weeks of trial of explaining concerns and proposing ways to address them, the Court now believes that all relevant parties to the dispute, and their counsel ,are on the same page with regards to a fair, but efficient, trial. The Court is grateful to the lawyers and parties for all of their efforts.

"Flexibility," with an eye towards efficiency and respect for both the resources of this Court and the time of our jurors, will continue to be the watchword in this case as Quicken begins to present its case-in-chief.  It is not the Court's intent to enforce inflexibly limitations that have loosely observed until this point.  Of course, if either side engages in tactics specifically calculated to delay these proceedings, the Court will not hesitate to take

corrective action. Time and document restrictions have been helpful to focus parties in this case, but trials are unpredictable. Useful limits have given way as the case progressed to ensure a fair trial for both sides.

**WHEREFORE**, it is hereby **ORDERED** that the Court's order of January 24, 2011 (docket no. 663), only as to the limitation of 200 pages of documentary evidence, per side, is **VACATED AS MOOT.**

**IT IS FURTHER ORDERED** that while the Court will hold to the original, 20-hour limit on the defendant's case originally proposed in the amended scheduling order, the Court will not impose the 20-hour time limit in an inflexible manner, given that the plaintiffs have exceeded thirty hours in presenting their case in chief.

**SO ORDERED**.

                          s/Stephen J. Murphy, III
                          STEPHEN J. MURPHY, III
                          United States District Judge

Dated: February 28, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2011, by electronic and/or ordinary mail.

                          s/Carol Cohron
                          Case Manager