the **Voice** for employees®

**Nichols Kaster**, PLLP
                              **Attorneys at Law**

**Minneapolis • San Francisco**

March 8, 2011

<u>**VIA ECF**</u>
Honorable Stephen J. Murphy
United States District Court
for the Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 235
Detroit, MI 48226

*Re:    Henry, et al. v. Quicken Loans, Inc.*
*        Court File No: 04-CV-40346*

Dear Honorable Judge Murphy,

I am writing with respect to the order of the closing arguments to be given on Monday, March 14th.  Although the Michigan practitioners seemed surprised by our position, it has been our experience in Minnesota Federal District Court and elsewhere that Plaintiffs close last in civil cases.  <u>See</u> D. Minn. L.R. 39.2(c)(2).  We believe the law to be that whoever has the burden of proof gets the last argument as we are certain this Court's criminal experience substantiates. That said, Plaintiffs have specifically addressed the issue of the order of presentation in <u>this</u> case, and request that the Court consider that ruling before making a final decision regarding order of presentation of closing arguments.

At the November 5, 2009 status conference, Defendant argued that they should get to open first, present evidence first and close last because they had the burden of proof on the administrative exemption.

Plaintiffs, of course, objected and the Court subsequently set a briefing schedule for four trial issues, including the proper order of presentation of evidence and proof at trial. (Dkt. 573.)

In our brief, Dkt. 575, Plaintiffs presented the following issue: "Should Defendant be allowed to open first, present evidence first, and close last?"  Plaintiffs answered "No" to this question.  (<u>See</u> Dkt. 575 at ii.)  Later in the brief, Plaintiffs argued that they should take the lead in presenting evidence and that the Defendant's request that the trial should be bifurcated into liability and damages phases was not fueled by their desire for judicial economy but rather because of their desire to turn the customary order of proof on its head.  (Dkt. 575 at 1.)  Plaintiffs specifically stated, "Plaintiffs Should Be Permitted to Open First, Present Their Evidence First, and Close Last."  (Dkt. 575 at 14.)

In Defendant's brief on the four trial issues (Dkt. 574), they referenced the November 5 status conference and Plaintiffs' argument regarding their desire to open first, but made no mention of the fact that Plaintiffs not only argued that they should open first, but that they should also close last.  In any event, Defendant ultimately backed off their original position, and instead stated that because Plaintiffs have an obligation to establish their prima facie case and because Defendant would not stipulate to it, Plaintiffs could open and present evidence first.

On September 8, 2010, the Court issued an Order addressing the four trial issues.  (Dkt. 594.)  The Court's Order states, "The parties now agree that the traditional order of proof should be followed with the plaintiff going first."   (See Dkt. 594 at 1.)

As a result, Plaintiffs have prepared and presented their case with the assumption that they would have the last word in closing argument, and request that the Court reconsider its assumption that Plaintiffs will go first and that Defendant will go last with a "sur-rebuttal."  Thank you for your consideration of this matter.


Sincerely,

s/Paul J. Lukas

Paul J. Lukas
Attorney for Plaintiffs


Cc: Jeffrey Morganroth
     Robert P. Davis